91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re CONSOLIDATED PIONEER MORTGAGE ENTITIES, a/k/a Pioneer
Liquidating Corp., Debtor.
Burk N. ASHFORD; Theresa T. Ashford, Appellants,
v.
NAIMCO, INC., a/k/a Pioneer Mortgage, n/k/a Consolidated
Pioneer Mortgage Entities, a/k/a Pioneer
Liquidating Corp., Appellees.
 No. 95-55491.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Burk and Theresa Ashford appeal pro se the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's decision to disallow the Ashfords' claim in full against Consolidated Pioneer Mortgage Entities' ("Pioneer") estate arising from Pioneer's rejection of a purported executory contract which allegedly gave the Ashfords the right to purchase real property from Pioneer.[1] We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 We review the BAP's decision and the bankruptcy court's conclusions of law de novo. See Manufacturers Hanover v. Dewalt (In re Dewalt), 961 F.2d 848, 850 (9th Cir.1992). We review the bankruptcy court's findings of fact for clear error. See id.
 
 A. Proof of Claim
 
 4
 The Ashfords contend the bankruptcy court erred by finding that they failed to present adequate evidence of the existence of an executory sales contract to support their claim of a secured lien pursuant to 11 U.S.C. § 365(j).[2] The BAP affirmed the bankruptcy court's findings that the Ashfords failed to provide evidence that: (1) a sales contract existed; (2) their payments were for the purchase rather than the leasing of the property; or, (3) they had a security interest in the property.
 
 
 5
 The Ashfords argue that the bankruptcy court's October 28, 1991 order granting Pioneer's motion to reject the Ashfords' purported executory sales contract proves a fortiori that there was an executory contract. The bankruptcy court clearly stated, however, that it was not ruling on whether the sale contract existed, but only that, if the contract existed, it was deemed rejected. Accordingly, the bankruptcy court's order granting Pioneer's motion to reject the executory contract does not evidence the existence of the contract.
 
 
 6
 Moreover, the Ashfords are estopped from contending that the bankruptcy court impermissibly classified their claim as unsecured because they stipulated in the bankruptcy court that they were willing to accept an unsecured proof of claim. See Denco Dev. Co. v. Community Sav. & Loan Ass'n, 376 F.2d 548, 551 (9th Cir.1967) (noting that voluntary stipulation may estopp party from asserting a claim); see also Cukierman v. Mechanics Bank of Richmond (In re J.F. Hink & Son), 815 F.2d 1314, 1318 (9th Cir.1987) (applying doctrine of estoppel in bankruptcy case).
 
 
 7
 Because the Ashfords failed to present evidence of an executory sales contract to purchase the property from Pioneer, the bankruptcy court did not clearly err by disallowing Ashfords' proof of claim.[3] See 11 U.S.C. § 365(j); see also Bankr.Rule 3001(c) (requiring that writing on which proof of claim is based must be filed with proof of claim).
 
 B. Adversary Proceeding
 
 8
 The Ashfords contend that PLC's[4] objection to their proof of claim should have been adjudicated in an adversary proceeding in accordance with Bankr.Rule 3007 and Bankr.Rule 7001. The Ashfords did not object to the form of the proceedings at the time of the bankruptcy court hearings.
 
 
 9
 Rule 3007 provides that "if an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." Rule 7001(2) states that an adversary proceeding is necessary in order to determine the validity of a lien. Objections to claims under Rule 3007 are generally considered contested matters governed by Rule 9014, "unless a counterclaim by the trustee is joined with the objection to the claim ... [which] ordinarily commences an adversary proceeding." Bankr.Rule 3007 advisory committee note (1983).
 
 
 10
 Here, as evidence of their proof of claim, the Ashfords filed among other documents a notice of lien. Although PLC argued in its objection to Ashfords' claim that the Ashfords' purported lien was extinguished by the first lienholder's foreclosure on the property, PLC did not accompany its objection with a counterclaim or any other kind of demand for relief listed in Rule 7001. Thus, the bankruptcy court was not required to conduct an adversary proceeding to determine the validity of Ashfords' proof of claim.[5] See Bankr.R. 3007; Bankr.R. 7001.
 
 C. Untimely Objection
 
 11
 The Ashfords contend that PLC's objection to their proof of claim was untimely.
 
 
 12
 Bankruptcy Rule 3007, which governs objections to claims, does not provide any time limits for filing an objection. Here, however, the bankruptcy court directed PLC to file an objection to the proof of claim within 30 days, which it did. Accordingly, PLC's objection was timely under the applicable bankruptcy rule and the bankruptcy court order.[6]
 
 
 13
 The Ashfords' contention that their filing of a "Notice of Intended Action" (Local Form CSD 1180) with their proof of claim triggered a 31-day time limit for PLC to object lacks merit because a proof of claim is not subject to the local bankruptcy rules for intended actions. See Bankr.Ct.S.D.Ca.Local Rule ("BLR") 2002-2 (designating the circumstances when a notice of intended action, local form CSD 1180, should be prepared). Ashfords' contention that the form of PLC's objection did not conform with the local bankruptcy rules also lacks merit. See BLR 3007-4(b).
 
 D. Sanctions
 
 14
 In its brief Pioneer request sanctions against the Ashfords for filing a frivolous appeal. In a motion filed on October 6, 1995 Pioneer also request reimbursement for its costs in connection with opposing Ashfords numerous motions filed in this court.
 
 
 15
 We have discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988). An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. Urban v. Commissioner, 964 F.2d 888, 890 (9th Cir.1992). Ashfords' appeal and pleadings in this court are meritless. Nevertheless, in exercise of our discretion, we decline to impose sanctions.[7] See id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Ashfords' purported contract was originally with Naimco, Inc., a subsidiary of Pioneer
 
 
 [2]
 Section 365(j) provides:
 A purchaser that treats an executory contract as terminated ... or a party whose executory contract to purchase real property from the debtor is rejected and under which such party is not in possession, has a lien on the interest of the debtor in such property for the recovery of any portion of the purchase price that such purchaser or party has paid.
 
 
 [3]
 We do not address Ashfords' contention that the affidavits attached to Pioneer Liquidating Corporation's ("PLC") objection are false and not based on actual knowledge because they did not raise this issue in the bankruptcy court. See, e.g., Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992)
 
 
 [4]
 PLC is the successor in interest to Pioneer
 
 
 [5]
 Furthermore, the Ashfords' failure to timely object and to show they were materially prejudiced by the form of the proceedings puts the Ashfords in a "poor position to complain" of procedural error. See Trust Corp. of Montana v. Patterson (In re Copper King Inn, Inc.) 918 F.2d 1404, 1406 (9th Cir.1990)
 
 
 [6]
 The Ashfords' contention that their motion to be admitted to the list of creditors should have been granted because it was unopposed is meritless because Pioneer's objection to the Ashfords' proof of claim constitutes a response to Ashfords' motion
 
 
 [7]
 To the extent the Ashfords contend that the bankruptcy court abused its discretion in denying their motion for reconsideration their contention lacks merit. See Fed.R.Civ.P. 60(b); Bank.R. 9024 (applying Rule 60(b) to cases under the bankruptcy code)
 We deny the Ashfords' motion to file the reply brief late as untimely. See 9th Cir.R. 31-2.2(b). All of Ashfords' other pending motions are denied.