TANG, Circuit Judge:
 

 Creditor Alan Wright holds a final judgment against debtor Herbert Holm for compensatory and punitive damages as the result of a general jury verdict. Wright filed no formal proof of claim until after the claim’s bar date. However, Wright filed a disclosure statement and plan of reorganization prior to the claim’s bar date. Holm objected to Wright’s claim on four grounds. The bankruptcy court overruled three of the objections, but disallowed the punitive damages, at least temporarily. On appeal, the district court affirmed. Holm appeals. We affirm.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 Debtor Holm and creditor Wright were the only shareholders of a corporation which operated a restaurant in Humboldt County, California. Wright was a minority shareholder of the corporation and worked as manager of the restaurant. In September 1982, Wright quit his job, claiming that Holm had mistreated him and had mismanaged the corporate assets.
 

 
 *622
 
 Wright brought a lawsuit against Holm alleging breach of contract, abuse of corporate control, and intentional interference with economic advantage. The court submitted the case to the jury on the tort counts, and it returned a verdict of $132,-960 in compensatory and $100,000 in punitive damages. The jury made a special finding that there was no agreement requiring Wright to work one year before receiving his twenty percent interest in the corporation. The judgment based upon the jury verdict was affirmed on appeal.
 

 Creditor Wright executed on his judgment by recording an Abstract of Judgment to create a judicial lien on Holm’s real property. Holm filed a chapter 11 petition after the judgment was obtained. Wright, as a creditor of Holm, filed a disclosure statement and a plan of reorganization on October 28, 1988. Pursuant to the plan, Holm would pay Wright’s claim in full. The disclosure statement described Wright’s claim as:
 

 Class 3 includes Alan Wright who holds a judgment lien in promissory note and deed of trust. Mr. Wright will be paid $232,960 in satisfaction of the outstanding balance of the judgment lien together with accumulated interest and costs of approximately $50,000.
 

 The bankruptcy court set the claim’s bar date as December 7, 1988. Wright filed a formal proof of claim on March 6, 1989.
 

 Holm filed an objection to Wright’s claim on four bases: (1) the claim was not timely filed; (2) the claim included punitive damages; (3) the claim included unmatured interest; and (4) the claim included employment contract damages. The bankruptcy court .held that the punitive damages would be disallowed until “it appeared that the estate was not solvent.” The bankruptcy court also held that (1) the claim would not be disallowed as untimely, (2) the judgment contained no unmatured interest, and (3) the judgment was for tort damages, not employment contract damages.
 

 Holm appealed the decision to the district court. The district court affirmed in an opinion dated May 16, 1990. Holm appeals. For the reasons stated by the district court, we affirm.
 

 STANDARD OF REVIEW
 

 We review independently the bankruptcy court’s decision because we are in as good a position as the district court to review the bankruptcy court’s findings.
 
 Anderson-Walker Indus., Inc. v. Lafayette Metals, Inc. (In re Anderson-Walker Indus., Inc.),
 
 798 F.2d 1285, 1287 (9th Cir. 1986). Whether documents filed by Wright constitute an amendable informal proof of claim is a question of law reviewed
 
 de novo. Id.
 
 We review the bankruptcy court’s findings of fact under the clearly erroneous standard and its conclusions of law
 
 de novo. Pizza of Hawaii, Inc. v. Shakey’s, Inc. (In re Pizza of Hawaii, Inc.),
 
 761 F.2d 1374, 1377 (9th Cir.1985).
 

 DISCUSSION
 

 1.
 
 Informal Proof of Claim
 

 Holm argues that Wright failed to file a proof of claim prior to the claim’s bar date of December 7, 1990. Holm also argues that no documents filed by Wright constitute an informal proof of claim. Therefore, Holm argues, the formal claim that Wright filed on March 8, 1989 could not have related back to the date of the filing of an informal claim. We have “consistently applied the ‘so-called rule of liberality in amendments’ to creditors’ proofs of claim” so that the formal claim relates back to a previously filed informal claim.
 
 In re Anderson-Walker Indus.,
 
 798 F.2d at 1287 (quoting
 
 County of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards, Inc.),
 
 597 F.2d 181, 182 (9th Cir.1979)
 
 cert. denied,
 
 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980)). “For a document to constitute an informal proof of claim, it must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable.”
 
 Id.
 
 The document that purports to be an informal proof of claim need not be filed in the court.
 
 See In re Franciscan Vineyards, Inc.,
 
 597 F.2d at 183 (letter sent to trustee constituted an informal proof of claim).
 
 *623
 
 Here, the disclosure statement was filed in the bankruptcy court. The disclosure statement makes an explicit demand against the estate to pay the claim and indicated that Wright intended to hold Holm liable for the debt. The disclosure statement states that the nature of the claim is a state court judgment in the amount of $232,960. We hold that this meets all the requirements for an informal proof of claim.
 

 2.Unmatured Interest
 

 Holm argues that Wright’s claim contains unmatured interest which is excluded from allowable claims pursuant to 11 U.S.C. § 502(b)(2). Holm argues that part of the judgment contains unmatured interest because Wright’s judgment contained lost profits from the restaurant, profits that would have been earned after the bankruptcy petition was filed. Holm contends that he was entitled, at the very least, to an evidentiary hearing on the subject. He argues that because he presented testimony that the present value of the future profits was calculated with the use of an interest rate, he has demonstrated that there is a factual issue as to whether Wright’s claim contains unmatured interest.
 

 The burden of proof on this issue is dispositive.
 

 Inasmuch as Rule 3001(f) and section 502(a) provide that a claim or interest as to which proof is filed is “deemed allowed,” the burden of initially going forward with the evidence as to the validity and the amount of the claim is that of the objector to that claim. In short, the allegations of the proof of claim are taken as true. If those allegations set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim. Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves. But the ultimate burden of persuasion is always on the claimant. Thus, it may be said that
 
 the proof of claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more.
 

 3 L. King,
 
 Collier on Bankruptcy
 
 § 502.02, at 502-22 (15th ed. 1991) (footnotes omitted) (emphasis added). Holm has the initial burden of proof to demonstrate facts tending to demonstrate that this claim contains unmatured interest.
 

 Holm has not met this burden. Holm is confusing the term “unmatured interest” with the calculation that provides the present value of future profits. Future profits are not unmatured interest. The present value of those profits is not unma-tured interest. Holm has presented no evidence bearing on the issue of unmatured interest. Wright’s claim, on the other hand, is supported by a jury verdict which was upheld by the California Court of Appeal. Wright’s claim is strong enough to carry over Holm’s mere formal objection. The bankruptcy court did not err in overruling Holm’s objection.
 

 3.
 
 Employment Contract
 

 Holm’s final argument is that Wright’s claim should not be allowed because it contains employment contract damages, which are limited to one year’s salary pursuant to 11 U.S.C. § 502(b)(7). A review of the California appellate decision on this claim reveals that the “damage issue was presented to the jury solely on the tort causes of action of abuse of corporate control and wrongful interference with contractual relations.” This decision reveals that the underlying damages were not awarded for a breach of an employment contract, but rather were based solely on Wright’s tort claims. Further, the appellate decision reveals that the relationship between the parties was that of shareholders of a corporation rather than an employer-employee relationship. These claims based on shareholder status are not subject to the limitations of section 502(b)(7).
 
 Johnson v. Beck (In re Johnson),
 
 117 B.R. 461, 468 (Bankr.D.Minn.1990). Therefore, the bankruptcy court did not err in refusing to disallow this claim.
 

 4.
 
 Sanctions
 

 Wright has asked for sanctions under Federal Rule of Appellate Procedure 38
 
 *624
 
 alleging that this appeal was frivolous and part of a pattern of attempting to delay the payment of these claims. Sanctions are awarded for a frivolous appeal "when the result is obvious, or where the arguments ‘are wholly without merit.’ ”
 
 Cannon v. The Hawaii Corp. (In re The Hawaii Corp.),
 
 796 F.2d 1139, 1144 (9th Cir.1986) (citations omitted).
 
 [1]
 

 Counsel
 
 for
 
 Holm asserts that he has presented his arguments on appeal in good faith for the modification of existing law. The bankruptcy court did not order sanctions in response to Wright’s request when hearing the objection to claim proceedings because “the Court cannot say that the positions taken were all so patently merit-less as to justify sanctions. Moreover, a creditor who knows that his claim is contested
 
 invites
 
 an objection by not filing a proof of claim immediately.”
 
 In re Holm,
 
 No. 1-87-00559, (Bankr.N.D.Cal. May 8, 1989) (order overruling objection to claim) (emphasis in original). Sanctions were not awarded in the state appellate proceedings. Holm’s appeal raises legitimate questions of law. Therefore, the appeal is not wholly without merit and sanctions are not appropriate.
 

 CONCLUSION
 

 Wright filed an appropriate informal proof of claim prior to the claim’s bar date. The claim did not contain any unmatured interest. The claim did not contain employment contract damages. Because Holm’s claims were not wholly without merit, we decline to award sanctions. The judgment of the bankruptcy court on each issue is
 

 AFFIRMED.
 

 [1]
 

 . Wright points out that Holm’s attorney cited two cases which were overruled at the time of this appeal:
 
 In re Circle J. Dairy, Inc.,
 
 92 B.R. 832 (Bankr.W.D.Ark.1988),
 
 rev'd,
 
 112 B.R. 297 (W.D.Ark. July 5, 1989);
 
 In re Barbier,
 
 77 B.R. 799 (Bankr.D.Nev.1987),
 
 aff’d,
 
 84 B.R. 190 (D.Nev.1988),
 
 rev'd,
 
 896 F.2d 377 (9th Cir.1990). In fairness to counsel, while both Westlaw’s Instacite and Lexis’ Autocite reveal that these cases were overruled, Westlaw's Shepard’s Citation Service and Lexis' Shepard's Citation Service did not reveal that the cases were overruled at the time of oral argument of this case. Counsel for appellant argues that the cases were overruled on different grounds and therefore the cases are still good law for the propositions for which they were cited. Regardless, counsel should have informed the court as to the subsequent history of these two cases.