15 F.3d 1083
 73 A.F.T.R.2d 94-882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Richard BRULOTTE; Sandra Brulotte, Debtors.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard BRULOTTE; Sandra Brulotte, Defendants-Appellants.
 No. 92-35250.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1993.*
Decided Dec. 21, 1993.
 
 MEMORANDUM**
 Before: TANG, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 The Brulottes appeal the bankruptcy appellate panel's reversal of the bankruptcy court's disallowance of the IRS's proof of claim. We reverse the decision of the bankruptcy appellate panel and reinstate the decision of the bankruptcy court disallowing the IRS's proof of claim.
 
 
 2
 We independently review the bankruptcy court's decision. In re Holm, 931 F.2d 620, 622 (9th Cir.1991). We review the bankruptcy court's conclusions of law de novo and the bankruptcy court's findings of fact under the clearly erroneous standard. Id.; In re Jensen, 995 F.2d 925, 927 (9th Cir.1993).
 
 
 3
 The bankruptcy court applied bankruptcy law and placed the ultimate burden of persuasion on the government, the claimant. The government contends that tax law, not bankruptcy law, should determine the allocation of burdens. We do not address the issue of the proper burdens of proof and persuasion that should apply when the IRS files a proof of claim in bankruptcy court. Regardless of the appropriate burden of proof, there is sufficient evidence to support the bankruptcy court's factual finding that the Brulottes had paid off their tax debt by turning over the restaurant equipment to the IRS.
 
 
 4
 Brulotte's account of his dealings with the IRS is not so implausible or internally inconsistent to warrant a finding of clear error. While he may have suffered from convenient lapses of memory, he "told a coherent and facially plausible story that [was] not contradicted by extrinsic evidence." Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). The bankruptcy court had the opportunity to observe his demeanor and assess his credibility. In addition, Skala's testimony supported Brulotte's. Even if, as the government argues, under tax law the IRS did not bear the ultimate burden of persuasion, the bankruptcy court was free to credit Brulotte's uncontroverted testimony. Potts, Davis & Company v. Commissioner, 431 F.2d 1222, 1225 (9th Cir.1970).
 
 
 5
 We reject the government's argument that a remand is necessary to determine the value of the restaurant equipment. At the hearing, the Brulottes introduced a list of equipment that was in the tavern. After describing the equipment, Brulotte estimated its fair market value at between $50,000 and $55,000--more than enough to satisfy the IRS's claim. The bankruptcy court had the opportunity to evaluate the reasonableness of Brulotte's estimate. The government did not challenge the estimate, even though the opportunity for challenge was provided.
 
 
 6
 REVERSED (reinstating the bankruptcy court's decision).
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3