**In re David R. MYRLAND, Debtor.**

**Bankruptcy No. 96–33796.**

United States Bankruptcy Court,
W.D. Washington.

May 15, 1997.

David R. Myrland, Seattle, WA, pro se.

Kenneth P. Dale, Special Assistant U.S. Attorney, Seattle, WA, for IRS.

## DECISION ON OBJECTION TO IRS PROOF OF CLAIM

PHILIP H. BRANDT, Bankruptcy Judge.

On 27 January 1997, David Myrland, Debtor in this Chapter 13[1] case, filed his Objection (Docket no. 16) to the Proof of Claim of the Internal Revenue Service ("IRS"), which had been filed in November of 1996. Concurrently he filed his brief in support (Docket no. 17). Although both the objection and the brief reference exhibits, none are attached to either, nor did Myrland file any declaration or affidavit in support.

By Order entered 25 February 1997 (Docket no. 25), I set a briefing schedule and the hearing. I also directed Myrland to file a memorandum of authority "on the question of whether an individual can have regular income for the purposes of Chapter 13 of the Bankruptcy Code (11 U.S.C.), but not for the purposes of the Internal Revenue Code (26 U.S.C.) ...". Debtor's Memorandum in Response (Docket no. 31) reiterates and expands upon arguments in his original brief regarding the nature of income and whether labor has a cost which the tax code[2] must recognize, but cites no authority suggesting the terminology might have different meanings in the two statutory schemes.

The United States filed responses on behalf of the IRS to the objection and to Debtor's memorandum (Docket nos. 34 and 40).

In reply to the former, Myrland filed his response to IRS's Opposition (Docket no. 36).

At hearing on 20 March 1997, the IRS indicated it would be amending its claim in response to the Debtor's objection; rather than deal with these issues repetitively, I entered an Order (Docket no. 48) setting a deadline for the amended claim, and providing that I would treat the objection as an objection to the amended claim, and allowing the Debtor to file any additional objection and supporting evidence if he wished. The Amended Claim was filed 1 April 1997, deleting the secured claim; the IRS now claims an unsecured nonpriority claim of $8,513.29[3], and an unsecured priority claim of $2,500.00[4] for a total of $11,013.29.

As the Amended Claim merely excised a portion of the original claim, and Myrland has filed no supplemental objection, the original Objection, now to the Amended Claim, is ripe for decision. This is a core proceeding within this Court's jurisdiction. 28 U.S.C. §§ 157(b)(2)(B) and 1334; GR 7, Local Rules, W.D. Wash.

Accordingly, my rulings on the grounds specified in that Objection:

*ISSUE (A) IRS LACKS REQUISITE STATUTORY LEAVE TO OPERATE*[5].

 Debtor's implicit premise that, under 4 U.S.C. § 72, all IRS offices (or at least those who have taken action in this case or with respect to his federal tax liability) must be "attached to the seat of government" and therefore located in Washington, D.C., is unsupported. In any event, I am bound to follow higher authority, and the Ninth Circuit has ruled to the contrary. *Hughes v. U.S.*, 953 F.2d 531, 541–542 (1992).

---

1. Of the Bankruptcy Code, 11 U.S.C. §§ 101–1330: Absent contrary indication, all section and chapter references are to the Bankruptcy Code, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure. "LBR" refers to the Local Rules of Bankruptcy Procedure for the Western District of Washington.

2. 26 U.S.C. §§ 1–9806; also referenced as "IRC".

3. Unassessed liability, interest, and penalty for income tax for the years 1986 through 1992.

4. Unassessed liability for 1993, 1994, and 1995.

5. The underlined headings are quoted from Debtor's Brief, and differ somewhat from their parallels in his Objection. To the extent of any substantive difference, the objections are overruled for failure to serve and file supporting authority. LBR 9013(d)(6).

*ISSUE (B) AS A CITIZEN OF THE UNITED STATES, SUBJECT TO CHAPTER ONE OF THE TAX CODE, DEBTOR CANNOT BE TAXED UNDER CHAPTERS 2 OR 21 OF THE CODE.*

■ 26 U.S.C. § 1 imposes income taxes on "individuals" rather than citizens. Myrland does not assert or argue that he is not an individual, as indeed he cannot, if he wishes to be a debtor in Chapter 13. Section 109(e).

*ISSUE (C) AMOUNTS CLASSIFIED AS A COST UNDER THE LAW ARE WRONGFULLY INCLUDED IN GROSS INCOME BY THE IRS. DEBTOR HAS BEEN DEPRIVED OF THE PROVISIONS OF IRS § 83, 212, 1001, 1011, AND 1012.*

■ As a properly executed and filed Proof of Claim is prima facie evidence of the validity and amount of the claim, Rule 3001(f), and is presumptively valid, § 502(a), an objecting party must present evidence overcoming the prima facie case. *In re Murgillo,* 176 B.R. 524, 529 (9th Cir.BAP1995); *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991).

■ As noted above, Myrland has submitted no evidence supporting this ground, or relating the legal proposition he argues to the amount of his tax liability.

*ISSUE (D) IRC § 83 APPLIES TO ALL COMPENSATION SUBJECT TO AN "INCOME TAX", THEREFORE, IRC § 83 APPLIES IN CHAPTERS 2, 21, AND 24 AS WELL AS CHAPTER 1.*

Debtor has submitted no evidence supporting this ground, or relating it to his tax liability.

*ISSUE (E) IRS HAS DEPRIVED DEBTOR OF CERTAIN DEDUCTIONS FROM AMOUNTS UPON WHICH FICA IS IMPOSED.*

Debtor has submitted no evidence supporting this ground, or relating it to his tax liability.

*ISSUE (F) IRS HAS GRANTED CREDITS OF CERTAIN TAXES FOR WHICH THE DEBTOR IS INELIGIBLE.*

Debtor has submitted no evidence supporting this ground, or relating it to his tax liability.

*ISSUE (G) DEBTOR HAS BEEN DEPRIVED OF CERTAIN DEDUCTIONS ALLOWABLE FROM AMOUNTS UPON WHICH FICA IS IMPOSED.*

Debtor has submitted no evidence supporting this ground, or relating it to his tax liability.

*ISSUE (H) IRS HAS IMPOSED PENALTIES FOR FAILURE TO REPORT TIPS FOR WHICH NO REPORTING REQUIREMENT EXISTS.*

Debtor has submitted no evidence supporting this ground, or relating it to his tax liability.

*ISSUE (I) THE IRS HAS NO CONGRESSIONALLY BESTOWED AUTHORITY TO ASSESS THE TAXES NOW SOUGHT. ASSESSMENT AUTHORITY WAS OBTAINED THROUGH REGULATORY DEVIATION FROM STATUTE THAT DEPRIVES THE DEBTOR OF PRIVACY.*

Myrland has not articulated how, if at all, any deviation by the IRS from the statute affects his tax liability, imposed by the Internal Revenue Code. Further, the argument that 26 U.S.C. § 6201 allows assessment only of taxes payable by stamp is a strained construction of the statutory language, unsupported by authority: that language precludes the assessment of taxes which have been paid by stamp, and not of taxes which have not been paid.

*ISSUE (J) FILING REQUIREMENTS OUTLINED IN REGULATIONS ARE NOT THOSE FOLLOWED BY THE IRS; DEBTOR MUST VIOLATE REGULATION TO SATISFY THE IRS; COMPLIANCE PROTECTS PROPERTY.*

Debtor has submitted no evidence supporting this ground, or relating it to his tax liability.

Debtor's argument, in paragraph (J)3 of his brief, that he is a nonresident alien, is unsworn and contradicts both his assertion of U.S. citizenship in his argument (B), above, and his sworn representation of residence within this judicial district on his Petition. *See also, U.S. v. Nelson (In re Becraft),* 885 F.2d 547, 548–549 (9th Cir.1989), holding

such arguments, made in a petition for rehearing in a criminal tax evasion case, frivolous, and *sua sponte* imposing sanctions on counsel.

*ISSUE (K) IN THE CASE OF AN EMPLOYEE, FORMS W–2 DO NOT MEET STATUTORY REQUIREMENTS FOR THE PURPOSES OF EVIDENCE OF PAYMENT OF SALARIES OR WAGES.*

Debtor has submitted no evidence supporting this ground, or relating it to his tax liability.

*ISSUE (L) THE IRS'S RELIANCE UPON PRIOR DECISIONS AND CASE LAW VIOLATES 26 U.S.C. § 7852(a) SEPARABILITY CLAUSE.*

Whatever may be Debtor's beliefs regarding IRS practices, he has articulated no relevance of those beliefs to the amount of his tax liability.

*ISSUE (M) IF IRS CANNOT REASONABLY REBUT DEBTOR'S CLAIMS, DEBTOR MUST RECEIVE FULL REFUNDS AND BE GIVEN LEAVE TO GO WITH FREE LABOR.*

Debtor has submitted no evidence supporting this ground, or relating it to his tax liability. Even if copies of Myrland's "financial disclosure statements", referenced as a exhibit supporting this proposition, had been attached to the Brief, the Brief itself is unsworn: it is only argument, not evidence.

As noted above, the IRS's proofs of claim are by statute and rule presumptively correct and valid; Myrland's premise is simply incorrect.

*ISSUE (N) IRS'S DETERMINATION OF TAX LIABILITY VIOLATES PERTINENT REGULATIONS.*

Debtor has submitted no evidence supporting this ground, or relating it to his tax liability.

*ISSUE (O) NO DOCUMENTATION SUPPORTS IRS' CLAIM OF AMOUNTS OWED FOR 1993, 1994, AND 1995.*

No evidence supports this ground. As noted by the Fifth Circuit in *Portillo v. C.I.R.*, 932 F.2d 1128, 1133 (1991) in a taxpayer's challenge to an assessment, the IRS must prove the correct amount of taxes owed, once the taxpayer establishes the assessment is arbitrary and erroneous. The same is true respecting a proof of claim. Myrland has submitted no evidence suggesting the IRS's claim is incorrect.

*ISSUE (P) ADJUSTMENTS FOR PAYMENTS ALLEGED ARE TO BE MADE WITHOUT INTEREST.*

Debtor has submitted no evidence supporting this ground, or relating it to his tax liability.

*ISSUE (Q) FORMS REQUIRED OF THE DEBTOR ARE OTHER THAN THOSE PRESCRIBED BY THE IRS.*

Debtor has submitted no evidence supporting this ground, or relating it to his tax liability. Myrland does not even articulate in argument the extent to which the IRS's alleged deviation from the tax code affects his (or its) calculation of the taxes he owes.

Finally, Myrland's discussion in his brief of the U.S. Tax Court's decision in *Talmage v. Commissioner,* 1996 TC Memo 41, has no clear relevance. To the extent it is an argument that Debtor is entitled to deduct the value of his labor from his income in calculating his taxes, he has not submitted a shred of evidence regarding that value or his income for any of the tax years in question, and the argument is contrary to controlling authority. *U.S. v. Romero,* 640 F.2d 1014 (9th Cir.1981).

I will enter an Order overruling Debtor's Objection to the Claim and Amended Claim of the Internal Revenue Service.