In re Dwight C. LUNDELL; Dinah
F. Lundell, debtors, Appellants,

v.

ANCHOR CONSTRUCTION SPECIAL-
ISTS, INC.; Loral Terracom; Foshay
Electric Co., Inc.; U.S. Power & Tele-
phone Supply Company, Appellees.

Nos. 98–17090, 98–17260.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2000

Filed Sept. 11, 2000

Bradley J. Stevens; Robbins & Green, P.A.; Phoenix, AZ; for the appellants and cross-appellees Anchor Construction Specialists, Inc., Foshay Electric Co., Inc. and U.S. Power & Telephone Supply Co.

Davide Golia and Theodore S. Drcar; Marks & Golia, LLP; San Diego, CA; for the appellant and cross-appellee Loral TerraCom, Inc.

Merwin D. Grant and Kenneth B. Vaughn; Grant Williams & Dangerfield, P.C.; Phoenix, AZ; for the appellees and cross-appellants Dwight C. Lundell and Dinah F. Lundell.

Before: GOODWIN, BRUNETTI and THOMAS, Circuit Judges.

THOMAS, Circuit Judge:

We are asked to decide whether, upon objection to a proof of claim filed pursuant to 11 U.S.C. § 501, a bankruptcy court improperly allocated the burden of proving the invalidity of the claim on the objector by discounting in its entirety his testimony in support of his objection. We hold that the bankruptcy court properly allocated the burdens of proof and persuasion.

I

This action arises out of the failure by West Coast Construction ("West Coast"), a construction company formed by Ronald and Lloyd Hawkins ("the Hawkins"), to complete several federal construction projects awarded to it and to subsequently pay subcontractors, including Anchor Construction Specialists, Inc., and three other claimants (collectively, "claimants" or "appellants"), for their work.

Debtor Dwight Lundell, a childhood friend of the Hawkins, became involved in West Coast when the Hawkins sought financial help in starting West Coast. Lundell initially loaned several hundred thousand dollars to West Coast and acted as surety for bonds required to obtain federal construction contracts. The Hawkins and Lundell later entered into a clearly marked partnership agreement, signed by Lundell and notarized by his secretary.

After West Coast failed to complete the federal projects and pay claimants, claimants sued the Hawkins and Lundell for breach of contract under a partnership liability theory. Faced with numerous lawsuits, Lundell filed for Chapter 11 bankruptcy. His case was converted into a Chapter 7 proceeding.

Claimants filed separate proofs of claim pursuant to Bankruptcy Rule 3001 and 11 U.S.C. § 501. Lundell subsequently filed objections to the proofs of claim pursuant to Bankruptcy Rule 3007, in which he maintained that certain proofs of claim were untimely filed and that he was not a partner of West Coast and therefore not liable for its debts.

The bankruptcy court conducted an evidentiary hearing during which both the claimants and Lundell presented significant evidence in support of their respective positions. The claimants presented evidence of a signed partnership agreement between Lundell and the Hawkins. In disavowing this signed partnership agreement, Lundell asserted that the press of business as a heart surgeon prevented him from fully considering the agreement and realizing that it contained a partnership provision. He also maintained that he obtained an oral rescission of the agreement from the Hawkins and that he acted only in the capacity of a lender.

The bankruptcy court overruled Lundell's objections to the proofs of claim. In an oral decision, the court provided a lengthy and thorough synopsis of the evidence presented at trial, but made abbreviated findings of fact. In a brief section reciting findings of fact in connection with Lundell's testimony, the trial court found "incredible" Lundell's contention that he, "a highly educated and sophisticated physician" who had been involved in prior partnerships, signed the West Coast partnership agreement without realizing that he had done so and without forming the intent to become a partner. In light of its findings, the bankruptcy court concluded that Lundell "failed to meet his burden of

proof that the partnership debts asserted in the proof of claims of the creditors is not an estate liability against him as a partner in West Coast."

Lundell appealed the bankruptcy court decision to federal district court, arguing that the trial court had wrongly placed upon him the burden of proving that he had not entered into a partnership agreement with the Hawkins. The district court agreed. It held that the bankruptcy court "erred in placing the burden of proof on the debtor" by requiring him not only to "rebut the presumption of a valid claim but ... also required [him] to prove that he had not formed the requisite intent to form a partnership." It also noted that it had been "hampered in considering this matter by the lack of specific findings of fact" in the bankruptcy court's oral decision. The district court remanded the action to bankruptcy court for more specific findings of fact and for further proceedings to apply the correct burden of proof. Claimants appealed.

## II

■ We have jurisdiction to review final orders of a district court acting in its bankruptcy appellate capacity under either 28 U.S.C. § 158(d) or 28 U.S.C. § 1291.[1] *See Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Village Resort, Ltd.)*, 81 F.3d 103, 105 (9th Cir.1996). A district court renders a final order when it affirms or reverses a bankruptcy court's final order. *See Vylene Enterprises, Inc. v. Naugles, Inc. (In re Vylene Enterprises, Inc.)*, 968 F.2d 887, 895 (9th Cir.1992).

■ However, a district court's order is ordinarily not final "when the district court remands for further factual findings related to a central issue raised on appeal." *Bonner Mall Partnership v. U.S. Bancorp Mortgage Co. (In re Bonner Mall*

*Partnership)*, 2 F.3d 899, 904 (9th Cir. 1993). Nevertheless, we have taken a "pragmatic approach" in determining finality in light of the "unique nature" of bankruptcy proceedings where a district court reverses a bankruptcy court decision and remands for further proceedings. *See id.* at 903–04. In such cases, we have balanced several policies in determining whether a remand order may be considered final: "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *Walthall v. U.S.*, 131 F.3d 1289, 1293 (9th Cir.1997) (internal quotation marks and citations omitted).

■ We have oft considered in the context of the *Vylene* analysis two narrow exceptions to the finality rule as set forth in *Bonner Mall. See, e.g., Walthall*, 131 F.3d at 1293; *Foothill Capital Corp. v. Clare's Food Market (In re Coupon Clearing Service, Inc.)*, 113 F.3d 1091, 1098 (9th Cir.1997). In *Bonner Mall*, we held that we could assert jurisdiction even though a district court has remanded a matter for factual findings on a central issue if that issue is legal in nature and its resolution either (1) could dispose of the case or proceedings and obviate the need for fact-finding; or (2) would materially aid the bankruptcy court in reaching its disposition on remand. *See In re Bonner Mall*, 2 F.3d at 904 (citing *King v. Stanton (In re Stanton)*, 766 F.2d 1283, 1288 n. 8 (9th Cir.1985)); *see also Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1506–07 (9th Cir.1995).

■ The central issue on appeal is whether the bankruptcy court wrongly allocated to Lundell the burden of proving that he was not a general partner of West

---

1. Under 28 U.S.C. § 158(d), the panel has jurisdiction over "appeals from all final decisions, judgments, orders and decrees entered" under sections 158(a) or (b). Similarly, 28 U.S.C. § 1291 provides that "[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States, ... except where a direct review may be had in the Supreme Court."

Coast. Because the resolution of this issue—a purely legal issue—in favor of claimants would both obviate the need for further factfinding and end the case, we find that our assertion of jurisdiction over this appeal is proper. Consideration of the *Vylene* factors does not dictate otherwise.

## III

■ We review *de novo* the decision of a district court which has acted as an appellate court in reviewing a bankruptcy court's decision on appeal. *See Feder v. Lazar (In re Lazar )*, 83 F.3d 306, 308 (9th Cir.1996). We apply the same standard of review as the district court applied to the bankruptcy court's decision: findings of fact are reviewed under a clearly erroneous standard and conclusions of law are reviewed *de novo. See id.*

Section 501 of Title 11 of the United States Code allows creditors a means to present their claims against a debtor to the bankruptcy court by filing a proof of claim. *See* 11 U.S.C. § 501. Whether such a claim for which a proper proof has been filed is "allowable" is a matter for determination pursuant to 11 U.S.C. § 502 and the procedural rules governing the bankruptcy courts. These rules and our case law have put in a place a general procedure to allocate the burdens of proof and persuasion in determining whether a claim is allowable.

■ A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a) and constitutes *"prima facie* evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). *See also* Fed. R. Bankr.P. 3007. The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief. *See* Adv. Comm. Notes to Fed. R. Bankr.P. 9014.

■ Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Wright v. Holm (In re Holm )*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502–22 (15th ed.1991)); *see also Ashford v. Consolidated Pioneer Mort. (In re Consol. Pioneer Mort.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re Holm*, 931 F.2d at 623.

For example, in *Holm,* we allocated to the debtor-objector the "initial burden of proof to demonstrate facts tending to demonstrate [that the claim included unmatured interest excluded from allowable claims under 11 U.S.C. § 502(b)(2) ]." *In re Holm*, 931 F.2d at 623. We concluded that the objector "ha[d] not met this burden" because he had presented no evidence bearing on the issue of unmatured interest. *Id.*

■ "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re Consol. Pioneer,* 178 B.R. at 226 (quoting *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173–74 (3d Cir.1992)). The ultimate burden of persuasion remains at all times upon the claimant. *See In re Holm,* 931 F.2d at 623.

■ The bankruptcy court did not impermissibly shift the burden of proof to Lundell to prove that he was not a West Coast general partner. Indeed, in its oral decision, the bankruptcy court correctly memorialized our prior pronouncements on the allocation of the burdens of proof and persuasion in determining whether a claim is allowable. The bankruptcy court created some unnecessary confusion on this issue by indicating that Lundell had "failed to meet his burden of proof." However, in context, the bankruptcy court was referring to Lundell's burden of producing suf-

ficient evidence to negate one or more of the sworn facts in the proof of claim; the court was not misallocating the respective burdens of proof. The record indicates that at all times, the bankruptcy court understood that the ultimate burden of persuasion was on the creditor.

■ The bankruptcy court's findings were not clearly erroneous. Claimants alleged in their proofs of claim that Lundell was a West Coast general partner, which is *prima facie* valid. The sole objection raised by Lundell at trial was that he was not a West Coast partner despite the signed partnership agreement.

■ To go forward, Lundell was required at trial to produce evidence sufficient to negate the *prima facie* validity of the filed claim. "In practice, the objector must produce evidence *which, if believed,* would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173–74 (3d Cir.1992) (emphasis added); *In re Holm,* 931 F.2d at 623. Lundell's case was based on his testimony that he never had intended to enter into a partnership, had never behaved as though he were a West Coast partner, and had subsequently rescinded the partnership agreement. However, the existence of a signed partnership agreement setting forth both an agreement to share profits and losses and management of the undertaking supports claimants' contention that Lundell was a West Coast general partner. *See Security Pac. Nat'l Bank v. Matek,* 175 Cal.App.3d 1071, 1075, 223 Cal.Rptr.

288, 291 (1986) (where there is written partnership agreement, whether partnership exists "should be ascertained primarily from the terms of the agreement"); *People v. Park,* 87 Cal.App.3d 550, 564, 151 Cal.Rptr. 146, 151 (1979) (whether partnership formed is a "factual issue" determined from the intent of the parties ascertained from the "terms of the agreement and the surrounding circumstances"); *Constans v. Ross,* 106 Cal.App.2d 381, 386–87, 235 P.2d 113, 116–17 (1951). Such evidence was clearly sufficient to "prove the validity of the claim by a preponderance of the evidence." *See California State Bd. of Equalization v. Official Unsecured Creditors' Comm. (In re Fidelity Holding Co., Ltd.),* 837 F.2d 696, 698 (5th Cir.1988).

■ On cross-examination, Lundell was unable to remember any of the details of the rescission agreement or conversations with the Hawkins during which he expressed his desire to withdraw from the partnership agreement. Thus, the bankruptcy court was justified in discounting Lundell's testimony, finding "incredible" his claim that he received, signed and notarized the partnership agreement "without clearly forming the intention in his mind that he was thereby becoming a partner in West Coast Construction." [2]

Thus, based on the evidence, the bankruptcy court did not err in concluding that Lundell failed to bear his burden of coming forward with facts sufficient to rebut the allegations in the claims and truncating the burden-shifting analysis at that juncture.[3] *See In re Allegheny,* 954 F.2d at

---

**2.** It was not improper for the bankruptcy court to evaluate the credibility of Lundell's testimony. Courts have noted that "[i]n practice, the objector must produce evidence which, if believed, would refute at least one of the allegations" that is the basis of the proof of claim. *See In re Consol. Pioneer,* 178 B.R. at 226 (quoting *In re Allegheny,* 954 F.2d at 173–74); *In re Holm,* 931 F.2d at 623. However, such language does not translate into a command that the trial court accept as true all evidence submitted by the objector, especially if presented in an evidentiary hearing in which both parties are provided with ample opportunity to present evidence.

**3.** Lundell also claims that the bankruptcy court's findings of fact were insufficient to support its decision. However, the trial court's findings of fact, combined with its lengthy synopsis of the trial testimony, was sufficient. *See Unt v. Aerospace Corp.,* 765 F.2d 1440, 1444 (9th Cir.1985) (findings must be "explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision"); Fed.R.Civ.P. 52(a). As in *Unt,* while the bankruptcy court's findings are "certainly not well done," the record, combined with the factual findings made by the

173–74; *In re Holm*, 931 F.2d at 623. In the absence of any credible testimony refuting the validity of the signed partnership agreement, claimants did not bear any further burden to present additional evidence to prove the validity of the partnership between Lundell and the Hawkins. *See, e.g., Starnes v. U.S. (In re Starnes )*, 231 B.R. 903, 912 (N.D.Tex.1998).

In light of the evidence presented at trial and the parties' arguments, the bankruptcy court properly overruled Lundell's objections to claimants' filed proofs of claim. We therefore reverse the decision of the district court and remand with instructions to reinstate the order of the bankruptcy court overruling Lundell's objections to the proofs of claim.

REVERSED

court, are sufficient to determine the basis for the trial court's decision. *See id.*