In re: **H. Wayne CLAY**, Debtor,

**Susan E. Williams, f/k/a Susan Clay, Appellant,**

v.

**James E. Salven, Trustee, Appellee.**

No. 01–56759.
**BAP No. EC–00–01585–RRyMo.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Dec. 9, 2002.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM*

Susan E. Williams appeals the decision of the Bankruptcy Appellate Panel (BAP) that reversed a ruling of the bankruptcy court and remanded the case to the bankruptcy court for additional factual develop-

of this circuit except as provided by Ninth Circuit Rule 36–3.

ment. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and affirm the BAP.

Because the parties are familiar with the facts, we will not recount them in detail except as necessary. Although a denial of a motion for summary judgment with a remand for factual findings is not typically considered final for appellate purposes, we have been more flexible when it comes to bankruptcy proceedings. *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 980 (9th Cir.2001). We can exercise jurisdiction, even though the BAP has remanded a matter for factual findings on a central issue, if that issue is legal in nature and its resolution could either dispose of the case and obviate the need for additional fact-finding, or would materially aid the bankruptcy court in reaching its disposition on remand. *Id.* at 980; *see also In re Padilla*, 222 F.3d 1184 (9th Cir.2000). That is the situation here with respect to the question of whether a bankruptcy court can avoid a fraudulent transfer under § 548 of the Bankruptcy Code, notwithstanding a state court divorce decree that approved the parties' own division of their marital assets. *See Lundell v. Anchor Construction Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1038–39 (9th Cir.2000).

We agree with the BAP that a bankruptcy court, acting to avoid a fraudulent transfer under § 548 of the Bankruptcy Code, is empowered to avoid a state court judgment in the circumstances present here. *See Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1079 (9th Cir.2000) (en banc); *Britt v. Damson*, 334 F.2d 896, 902 (9th Cir.1964), *cert. denied*, 379 U.S. 966, 85 S.Ct. 661, 13 L.Ed.2d 560 (1965). However, before it can be determined that the debtor fraudulently transferred an interest in the settle-

ment proceeds, it first must be determined that he had an interest, as either an injured party in his own right, or under Cal. Fam.Code § 2603(b). As to whether the debtor had such an interest (and if he did, the value of that interest), we agree with the BAP that additional factual development is necessary, and that summary judgment should not have been granted.

AFFIRMED.