FILED

FEB 13 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

In re:                                )    BAP No. CC-16-1230-LNTa
                                       )
LOUIS C. NEMETH,                       )    Bk. No. 8:16-bk-11919-CB
                                       )
                    Debtor.            )
_____       )
                                       )
LOUIS C. NEMETH,                       )
                                       )
                    Appellant,         )
                                       )
v.                                     )    **MEMORANDUM**[*]
                                       )
AMRANE COHEN, Chapter 13               )
Trustee; WELLS FARGO BANK,             )
N.A.,                                  )
                                       )
                    Appellees.         )
_____       )

Submitted Without Oral Argument
on January 19, 2017

Filed - February 13, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding
_____

Appearances:    Appellant Louis C. Nemeth pro se on brief; Jay K.
                Chien on brief for appellee Amrane Cohen,
                Chapter 13 Trustee.
                _____

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Before: LAFFERTY, TAYLOR, and NOVACK,[**] Bankruptcy Judges.

**INTRODUCTION**

Debtor filed a chapter 13[1] plan proposing no ongoing payments to the mortgage creditor and understating the arrearage owed to that creditor. The creditor filed an objection to confirmation. The chapter 13 trustee filed a notice warning that if the Debtor's plan was not confirmed at the confirmation hearing, the case could be dismissed upon an oral motion. Debtor, who appeared pro se, contended at the confirmation hearing that his obligation to the mortgage creditor had been discharged in a prior chapter 7 case and that he had rescinded the obligation. Debtor also contended that the mortgage creditor was not entitled to payment because it had not filed a proof of claim to substantiate the debt. At the confirmation hearing, the chapter 13 trustee informed the court that the Debtor had not made his first plan payment and was not making mortgage payments. The bankruptcy court dismissed the case with a 180-day bar to refiling.

We AFFIRM the dismissal; in the meantime, the 180-day bar has expired, rendering moot the appeal of that aspect of the court's order.

---

[**] Hon. Charles Novack, United States Bankruptcy Judge for the Northern District of California, sitting by designation.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure. "LBR" references are to the Local Bankruptcy Rules of the Bankruptcy Court for the Central District of California.

**FACTS**

Appellant Louis Nemeth filed a chapter 13 petition on May 5, 2016. This filing began Debtor's third bankruptcy case. Debtor had previously filed a chapter 7 petition on April 20, 2012 and received a discharge. A few months later, on November 14, 2012, he filed a chapter 13 petition, which was dismissed December 3, 2012 for failure to file schedules, statements, or a plan.

In this case, Debtor filed the required documents, including a chapter 13 plan. Debtor listed on Schedule A/13 his residence in Orange, California with a value of $620,000.[2] Debtor listed only two creditors, the IRS and "Nationstar Mortgage, LC" [sic]. The record reflects that Nationstar Mortgage, LLC ("Nationstar") was the servicing agent for Debtor's secured obligation to Wells Fargo Bank, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-3 ("Wells Fargo").

No secured debt was listed on Schedule D. Schedule E/F reflected a debt to the IRS of $35,000, of which $15,000 was listed as a priority claim. Debtor also listed an unsecured nonpriority debt to Nationstar of $624,000 with the notation "I do not really owe this debt and it is disputed." Schedules I and J reflected a monthly net income of $1,350, and the plan provided for monthly payments of $305.43 for 36 months, resulting in a base plan amount of $10,995.50; the plan was estimated to pay

---

[2] Debtor provided a limited record on appeal. Thus, we have exercised our discretion to review the bankruptcy court's docket, as appropriate. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

-3-

100% to allowed unsecured claims. The plan included a payment to secured creditor "Nation Star (disputed)" of $138.89 per month on a $5,000 arrearage claim.

On May 19, 2016, Appellee Amrane Cohen, chapter 13 trustee ("Trustee") filed a "Notice That Trustee May Make an Oral Motion to Dismiss or Convert This Case for Cause" (the "Notice"). The proof of service attached to the Notice reflects that it was served on Debtor. The Notice provided that if the plan was not confirmed by the court at the initial confirmation hearing,

> the Court will also consider the Chapter 13 Trustee's motion to dismiss the case, including dismissal with a 180-day bar against refiling under 11 U.S.C. Section 109(g), or to convert the Chapter 13 Case to Chapter 7, should the Debtor(s) fail to: (1) comply with 11 U.S.C. Section 1307; (2) comply with 11 U.S.C. Section 1322; (3) comply with 11 U.S.C. Section 1325; (4) comply with Local Bankruptcy Rule 3015-1; and/or, (5) comply with orders of the Court.

> NOTICE IS FURTHER GIVEN that opposition, if any, to such oral motion by the Trustee may be presented at that hearing.

Shortly thereafter, Wells Fargo filed an objection to confirmation. Wells Fargo alleged that it was the holder of a promissory note and deed of trust against Debtor's residence. Wells Fargo objected to Debtor's proposed plan on grounds that the plan was not adequately funded to pay the pre-petition arrearage of $152,160.34, did not provide for ongoing payments on Debtor's secured obligation to Wells Fargo, and that Debtor had not made any monthly payments since filing his petition. Wells Fargo also alleged that Debtor had filed the plan in bad faith because Debtor had not made any payments "in years" and had filed his prior bankruptcy cases to avoid making payments. The objection requested that confirmation be denied and the case

-4-

dismissed with a 180-day bar. The objection was supported by the declaration of an assistant secretary for Nationstar.

In response to the objection to confirmation, Debtor filed an "Objection with Motion to Strike" alleging that he had never done business with either Wells Fargo or Nationstar, that in any event the debt had been discharged in his prior chapter 7 case, and that Debtor had rescinded the loan. Debtor also noted that neither Wells Fargo nor Nationstar had filed a proof of claim. On that basis, Debtor requested the objection to confirmation be stricken as "an insufficient defense, redundant matter, immaterial, impertinent, and/or scandalous matter" that would "unfairly prejudice" Debtor. Attached to Debtor's objection were copies of certified letters dated April 21, 2015 from Debtor and Brenda Nemeth to Nationstar and Wells Fargo purporting to rescind the mortgage.

At the confirmation hearing, counsel for Trustee appeared and informed the court that notice of the plan was insufficient,[3] that Debtor was one plan payment delinquent, that Trustee would be filing an objection to exemptions, and that although a post-petition mortgage payment declaration had been filed, it indicated that Debtor had not made any payments. Debtor took the position that he did not need to make payments because neither Wells Fargo nor Nationwide had filed a proof of claim to "substantiate their debt." The bankruptcy court told Debtor that

_____

[3] LBR 3015-1(b)(3) requires that the plan be served on creditors at least 28 days before the 341 meeting. Here, the plan was served on June 6, 2016; the 341 meeting was scheduled for June 14, 2016.

-5-

he was required to make the ongoing payments regardless of whether the creditor had filed a proof of claim and noted that Debtor had already unsuccessfully disputed the obligation in state court. With that, the bankruptcy court dismissed the case. Because it was not Debtor's first bankruptcy filing, the court also imposed a 180-day bar to refiling under § 109(g). The court entered a written order of dismissal on July 8, 2016. Debtor timely appealed. The 180-day bar expired January 4, 2017.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (L). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion in dismissing Debtor's bankruptcy case?

## STANDARD OF REVIEW

We review the bankruptcy court's decision to dismiss a case for abuse of discretion. Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1223 (9th Cir. 1999); Ellsworth v. Lifescape Med. Assoc., P.C. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011). In applying this standard, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested; and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible or without support in inferences that may be drawn from the facts in the record. Id. (citing United States v. Hinkson, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (en banc)).

We may affirm on any basis supported by the record. Caviata Attached Homes, LLC v. U.S. Bank, N.A. (In re Caviata Attached Homes, LLC), 481 B.R. 34, 44 (9th Cir. BAP 2012).

**DISCUSSION**

Section 1307(c) provides, in relevant part:

> on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> . . .
>
> (4) failure to commence making timely payments under section 1326 of this title[.]

The enumerated list of causes in § 1307(c) is not exclusive, and a bankruptcy court may find cause to dismiss in other circumstances, such as when a debtor has filed a bankruptcy petition or plan in bad faith. In re Ellsworth, 455 B.R. at 915. Although the statute requires "notice and a hearing," a bankruptcy case may be dismissed sua sponte by the bankruptcy court pursuant to § 105(a). Tennant v. Rojas (In re Tennant), 318 B.R. 860, 869-70 (9th Cir. BAP 2004).

Debtor argues on appeal that the bankruptcy court erred in dismissing his case because (1) there was no pending motion to dismiss; (2) the court based its ruling on an erroneous view of the facts; (3) the court failed to rule on Debtor's motion to strike Wells Fargo's objection to confirmation; and (4) the court did not make findings of fact or conclusions of law as required under Civil Rule 52, applicable in bankruptcy via Rule 7052.

-7-

Accordingly, Debtor asks us to reverse and remand for further factual findings and a ruling on Debtor's motion to strike.

We find Debtor's arguments unconvincing. In asserting that there was no pending motion to dismiss, which is essentially a due process argument, Debtor disregards both the language of the Notice and the provisions of LBR 3015-1. The Notice explained that if the Debtor's plan was not confirmed at the confirmation hearing, the case could be dismissed, including with a 180-day bar, if the Debtor had not complied with §§ 1307, 1322, 1325 or LBR 3015-1. LBR 3015-1 provides that a case may be dismissed for failure to make plan payments (LBR 3015-1(k)(4)) or for failure to make postpetition mortgage payments (LBR 3015-1(m)). Section 1307(c)(4) provides that a case may be dismissed for failure to commence making timely plan payments. Accordingly, Debtor cannot fairly argue that he was not on notice that the case could be dismissed at the confirmation hearing.

Debtor's second contention, that the bankruptcy court based its ruling on an erroneous view of the facts, is not supported by the record. Debtor does not assert that he had made timely plan payments. Instead Debtor focuses on the plan deficiencies noted by the bankruptcy court. Debtor insists he owes nothing to Wells Fargo because the obligation was discharged in Debtor's prior chapter 7 case and Debtor rescinded the loan. Debtor is correct that his personal liability was discharged in his chapter 7. However, this did not eliminate Wells Fargo's security interest or its ability to enforce that interest via foreclosure, absent timely payments. See Dewsnup v. Timm, 502 U.S. 410, 418-19 (1992). And there is nothing in the record to suggest that any

purported rescission was effective.[4]

Debtor also argues that he was not obligated to provide for Wells Fargo in the plan because Wells Fargo had not filed a proof of claim, and it was required to prove up its claim. However, a creditor need not file a proof of claim before plan confirmation, and a debtor bears the burden of proof on all elements of plan confirmation. Meyer v. Hill (In re Hill), 268 B.R. 548, 552 (9th Cir. BAP 2001). The cases Debtor cites to the contrary, Lundell v. Anchor Construction Specialists, Inc. (In re Lundell), 223 F.3d 1035, 1039-40 (9th Cir. 2000), and Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir. 1991), involve claim objections, which carry different burdens of proof. See Rule 3001(f). Here, Debtor did not provide any plausible evidence to support his proposed plan treatment of Wells Fargo. That said, Debtor was not necessarily required to provide for the discharged debt to Wells Fargo in his plan, but, to the extent he did, he was required to comply with § 1325(a)(5) and 1322(b)(2).[5]

---

[4] To the contrary, assuming the notice of rescission was made under TILA, it was untimely. See 15 U.S.C. § 1635(f) (an obligor's right of rescission expires three years after the date of consummation of the loan transaction). The letters attached to Debtor's objection/motion to strike indicate the loan date was January 30, 2007; the letters are dated April 21, 2015, more than eight years later.

[5] Section 1325(a)(5) provides three options for the treatment of allowed secured claims. Either (1) the holder of the secured claim must have accepted the plan; (2) the plan must provide for the retention of the lien and the value of property to be distributed on that claim must be not less than the allowed amount of the claim; or (3) the debtor must surrender the collateral. Section 1322(b)(2) prohibits modification of the rights of holders of claims secured only by a security interest

(continued...)

-9-

Debtor's plan did not comply with those provisions.

Next, Debtor argues that the bankruptcy court erred in not ruling on Debtor's motion to strike. However, once the bankruptcy court found grounds to dismiss the case, there was no purpose to be served by ruling on the motion to strike, which became moot.

Finally, Debtor argues that the bankruptcy court erred by not making findings of fact and conclusions of law as required under Rule 7052. Although Rule 7052 requires the bankruptcy court to make findings and conclusions in contested matters, the failure to do so does not necessarily require remand if the record supports the bankruptcy court's ruling. We may consider any issue supported by the record and may affirm on any basis supported by the record, even where the issue was not expressly considered by the bankruptcy court. <u>Fernandez v. GE Capital Mortg. Servs., Inc. (In re Fernandez)</u>, 227 B.R. 174, 177 (9th Cir. BAP 1998), <u>aff'd</u>, 208 F.3d 220 (9th Cir. 2000) (citing <u>In re E.R. Fegert, Inc.</u>, 887 F.2d 955, 957 (9th Cir. 1989) and <u>In re Pizza of Hawaii, Inc.</u>, 761 F.2d 1374, 1379 (9th Cir. 1985)).

Here, the record supports the bankruptcy court's ruling. Debtor's failure to make plan payments is an adequate ground for dismissal under § 1307(c)(4) and LBR 3015-1. This circumstance also supports a finding of unreasonable delay that is prejudicial to creditors, a ground for dismissal under § 1307(c)(1).

---

[5](...continued)
in real property that is the debtor's principal residence.

-10-

Debtor also argues that the record does not support the bankruptcy court's imposition of a 180-day bar. Although we are not convinced that the imposition of a bar to refiling was justified without an explicit finding of a willful failure to abide by an order of the bankruptcy court,[6] this aspect of the appeal is now moot because the 180 days expired January 4, 2017. See In re Fernandez, 227 B.R. at 178. Because we cannot fashion any effective relief from that aspect of the bankruptcy court's order, we have no jurisdiction to review its propriety.

## CONCLUSION

For the reasons explained above, the bankruptcy court did not abuse its discretion in dismissing Debtor's chapter 13 case. Accordingly, we AFFIRM.

---

[6] Under § 109(g), a 180-day bar to refiling may be imposed if "the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case."