**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff–Appellant,**

v.

**WOODSIDE CONSTRUCTION, INC., an Alaska corporation, Defendant–Appellee.**

**No. 91–36234.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 19, 1992.

Decided Nov. 6, 1992.

E. Whitney Drake, F.D.I.C., Washington, D.C., and Michael Jungreis, F.D.I.C., Anchorage, Alaska, for plaintiff-appellant.

Jesse C. Bell, Anchorage, Alaska, for defendant-appellee.

Before: HUG, D.W. NELSON, and T.G. NELSON, Circuit Judges.

HUG, Circuit Judge:

This case arose when Donald Galt signed a deed of trust note twice and signed a contract of guaranty twice. The FDIC claims that Galt is liable for $912,000, first because he signed the note as an endorser or, alternately, because he signed the contract of guaranty as a guarantor. Galt claims that all of his signatures were in a representative capacity and that he did not sign individually as an endorser or as a guarantor. The FDIC maintains that one of the signatures on the note and one of the signatures on the contract of guaranty were signed in Galt's individual capacity, making him liable as an endorser on the note or, alternately, as guarantor on the contract of guaranty. The district court granted summary judgment for Galt on both the endorsement issue and the guaranty issue. The district court had jurisdiction under 28 U.S.C. § 1331, and we have appellate jurisdiction under 28 U.S.C. § 1291. We reverse. Because we find Galt liable as an endorser on the note, we

do not address the issue of Galt's liability on the guaranty.

## I.

Galt obtained a loan from Alaska Mutual Bank for $912,000 on behalf of Woodside Construction of which he was an officer. The loan was evidenced by a promissory note, a deed of trust, a loan agreement, and a contract of guaranty. The signatures appeared on the note as follows:

> (Signature of Galt)
> Woodside Construction, Inc.
> signature(s)
> (Signature of Galt)
> Donald A. Galt, President

The contract of guaranty appears on the form as follows:

> Woodside Construction, Inc.
> By (Signature of Galt)
> Donald A. Galt
> Title Vice President
> By (Signature of Galt)
> Title
> Guarantors: _____
> Guarantor
> Donald A. Galt

As can be seen, the note bore Galt's signature below the name of the corporation, on the line designating his representative capacity as president. It also bore Galt's signature above the name of the corporation with no representative capacity designated.

The contract of guaranty bore Galt's signature below the name of the corporation, on the line designating his representative capacity, and then bore his signature on a line where no representative capacity was indicated. He did not sign on the line designated for his signature as guarantor.

Alaska National Bank merged with two other banks and became Alliance Bank, which retained this Woodside obligation. The loan was declared to be in default, and Alliance Bank instituted this action in state court. Alliance Bank was closed by the Alaska Department of Commerce and Economic Development, and the FDIC was ap-pointed receiver. This Woodside obligation was sold by FDIC, as receiver, to FDIC in its corporate capacity. The FDIC then removed this case to federal court. The district court entered summary judgment for the FDIC against Woodside Construction on the note but entered summary judgment for Galt against the FDIC. The FDIC appeals the judgment rendered for Galt.

## II.

■ We review a grant of summary judgment *de novo* to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court has applied the correct substantive law. *Tzung v. State Farm Fire & Cas. Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989).

## III.

■ In the district court, the principal emphasis of the FDIC was on Galt's liability as a guarantor. Galt claims that the FDIC has raised the issue of Galt's endorsement of the note for the first time on appeal. If the district court resolved the issue, this court may consider it on appeal. *In re Verco Industries*, 704 F.2d 1134, 1138 (9th Cir.1983). The transcript of the April 2, 1991 summary judgment hearing and the transcript of the September 16, 1991 summary judgment hearing make it clear that the district court did address and resolve the issue of Galt's liability on the note. We therefore address the merits of Galt's liability as an endorser on the note, and because we conclude he is liable on the note, we do not address the issue of liability as a guarantor.

## IV.

■ A suit brought by the FDIC in its corporate capacity is decided under federal law. *FDIC v. Bank of San Francisco*, 817 F.2d 1395, 1398 (9th Cir.1987). In applying federal law, we may adopt the law of the state involved. *Id.* In this case, it does not matter whether federal common law or state law controls because Alaska has

adopted the Uniform Commercial Code, which has been applied as the federal common law in these circumstances. *See FDIC v. Tennessee Wildcat Services, Inc.,* 839 F.2d 251, 253 (6th Cir.1988).

### V.

■ The manner in which Galt signed the promissory note bound him as an endorser in his individual capacity. He signed the note under the corporate name with the designation of his representative capacity. He also signed the note above the corporate name with no designation of any representative capacity. It is this latter signature that creates Galt's liability.

U.C.C. § 3–402 (AS 45.03.402) provides: Unless the instrument clearly indicates that a signature is made in some other capacity, it is an endorsement.

■ Under U.C.C. § 3–414(1) (AS 45.03.-414(a)), an endorser becomes liable to the holder of the note upon dishonor and notice of dishonor and protest. No issue of lack of notice was raised.

U.C.C. § 3–403(2) (AS 45.03.403(b)) provides:

An authorized representative who signs his own name to an instrument …

(a) is *personally obligated* if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(b) except as otherwise established between the immediate parties, is *personally obligated* if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

(emphasis added.)

Construing the import of the two signatures under U.C.C. § 3–403(2), there are two alternatives.

(1) The signature below the corporate name is associated with both the corporate name and the representative capacity. Under that construction, the signature above the corporate name is a signature identifying neither the corporation represented nor that Galt signed in a representative capacity. This results in individual liability under section 3.403(2)(a). Galt argues that this is not the appropriate construction.

(2) The second alternative is the one asserted by Galt. He contends that both signatures are in a representative capacity because the signature above the corporate name is associated with the corporate name and the signature below the corporate name indicates the representative capacity. This argument provides no support for Galt, however, because liability would still exist under section 3.403(2)(b). Under this construction, the top signature would indicate the corporation represented, but not the representative capacity. The bottom signature would indicate the representative capacity, but not the corporation represented.

■ The FDIC was not an immediate party to the note. Under section 3–403(2)(b), the signer is individually liable if the parties to the litigation were not the immediate parties to the note, and if (1) the instrument names the person represented, but does not show that the representative signed in a representative capacity, or (2) the instrument shows that the representative signed in a representative capacity, but fails to name the person represented. In *Tennessee Wildcat Services,* the Sixth Circuit explained:

Section 3–403(2)(b) would have come into play if either the names of the principals had been shown but there had been no indication that the signers acted in a representative capacity, or if the names of the principals had not been shown, but the notes had shown that the signers acted as representatives. In either of these circumstances, as between *the immediate parties* to the notes, parol evidence would be admitted to supply the missing information—either the identity of the principal or the fact of the signer's agency. *However, as between a holder of the note other than the origi-*

*nal lender and the signer, such parol evidence is not admissible and the signer is personally liable because he cannot supply the missing ingredient.*

839 F.2d at 255 (emphasis added).

██ Here, the first signature above the principal designation fails to indicate the representative capacity, and the second signature above the representative capacity designation fails to indicate the principal. Because the FDIC is the holder of the note here, parol evidence of intent is inadmissible, and Galt is personally liable under section 3.403(2)(b).

## VI.

The FDIC argues that Galt is liable for attorneys' fees. The note makes the endorser liable for the costs of collection, including attorneys' fees. Because we hold that Galt is an endorser, he is liable for attorneys' fees.

The judgment is REVERSED.