In re Gary LAZAR;  Divine
Grace Lazar, Debtors,

James J. FEDER, Examiner;  Coopers
& Lybrand, Plaintiffs–Appellees,

v.

Gary LAZAR, Defendant,

and

Snipper, Wainer & Markoff, Appellant.

In re Gary LAZAR;  Divine
Grace Lazar, Debtors,

James J. FEDER, Examiner, Plaintiff,

and

Coopers & Lybrand, Appellee–
Cross–Appellant,

v.

Gary LAZAR, Defendant,

and

Snipper, Wainer & Markoff, Appellant–
Cross–Appellee.

In re Gary LAZAR;  Divine
Grace Lazar, Debtors,

James J. FEDER, Examiner, Appellee–
Cross–Appellant,

and

Coopers & Lybrand, Appellee–
Cross–Appellant,

v.

Gary LAZAR, and Snipper, Wainer
& Markoff, Appellant–Cross–
Appellee.

Nos. 94–55804, 94–55910 and 94–55912.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 1996.

Decided May 7, 1996.

James J. Feder, Feder & Mills, Los Angeles, California, for cross-appellant.

Lauren Diehl, Adams, Duque & Hazeltine, Los Angeles, California, for cross-appellant.

Stephen J. Snipper, Snipper, Wainer & Markoff, Los Angeles, California, for appellant-cross-appellee.

Before: BRIGHT,* SKOPIL and WIGGINS, Circuit Judges.

* The Honorable Myron H. Bright, Senior United States Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation.

1.  The Honorable Samuel Bufford, United States Bankruptcy Judge for the Central District of California.

BRIGHT, Senior Circuit Judge:

James J. Feder, Examiner, and his accountants, Coopers & Lybrand (Coopers) filed an application for the payment of compensation and the reimbursement of expenses in connection with the Lazar bankruptcy. The bankruptcy court[1] awarded the Examiner only 22% of his requested fees and expenses and awarded Coopers less than 60% of its request. On appeal, the district court[2] increased the Examiner's award to approximately 60% of his request, maintained the accountants' award, and subordinated any payments to the debtors' professionals to those awards. The Law Offices of Snipper, Wainer & Markoff (Snipper), debtors' bankruptcy counsel, appeal the subordination and the Examiner's and Coopers' cross-appeal requesting 100% payment. We affirm the fee award and reverse on the issue of subordination.

## I. BACKGROUND

On December 10, 1992, the bankruptcy court ordered the appointment of an examiner over the Chapter 11 estates of Gary and Divine Grace Lazar and their related corporate entities (hereafter the "debtors"). The debtors owned, operated and leased numerous self-service gas stations. On December 11th, the United States Trustee appointed James J. Feder as examiner. The Examiner later employed Coopers & Lybrand as his financial and environmental advisors.

Throughout the investigation, the Examiner complained that the debtors and their agents were obstructing the examination. On April 21, the Examiner presented his preliminary statement to the bankruptcy court and an oral overview of his findings.

On May 26, 1993, the bankruptcy court terminated the examination and ordered the Examiner and Coopers to file final fee applications to be heard on July 15, 1993. In their written fee applications, the Examiner sought $401,650.00 in fees and $60,789.86 in

2.  The Honorable Dickran Tevrizian, United States District Judge for the Central District of California.

expenses, and Coopers requested $824,578.50 in fees and $18,005.71 in expenses.[3] The hearing was eventually taken off the court's calendar. Coopers and the Examiner filed a motion to withdraw their fee applications from the consideration of the bankruptcy court, apparently due to a preference for a decision by the district court. Nonetheless, on November 15, 1993, the bankruptcy court entered a fee order.[4]

The fee order stated that the fees requested were "unconscionable" in light of the size of the estate, and limited the total award to $650,000. The order granted Coopers $500,-000, about 60% of the amount Coopers requested.[5] The order granted the Examiner $150,000—about 22% of his requested fees plus expenses.[6] In justifying the Examiner's award, the bankruptcy court cited three considerations: (1) the Examiner did not complete his examination; (2) the Examiner engaged in "highly improper and illegal procedures" in having the district attorney obtain evidence for him by executing a search warrant; and (3) the Examiner engaged in "unproductive activities."

On appeal, the district court entered an order modifying the fee order. The district court found that the evidence in the record did not support the three considerations the bankruptcy court cited in justifying its award to the Examiner. The district court then increased the compensation to be provided to the Examiner from 22% to approximately 60% of that requested. This gave the Examiner an equal percentage of his request to the percentage granted to Coopers. The district court stated that both Coopers and the Ex-

aminer should be paid prior to any payment to the debtors' professionals.

Snipper, as debtors' bankruptcy counsel, appeals, claiming that the district court erred in subordinating the fees of debtors' counsel to the claims of the Examiner and Coopers. The Examiner and Coopers filed a cross-appeal claiming that the bankruptcy court abused its discretion in not granting their request for payment in its entirety.

## II. DISCUSSION

■ This court reviews the district court's decision on an appeal from a bankruptcy court de novo. *In re Daily,* 47 F.3d 365, 367 (9th Cir.1995) (per curiam); *In re Siragusa,* 27 F.3d 406, 407 (9th Cir.1994). We apply the same standard of review to the bankruptcy court findings as does the district court: findings of fact are reviewed under the clearly erroneous standard, and conclusions of law, de novo. *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166 (9th Cir.1990). A bankruptcy court's award of attorney's fees should not be reversed absent an abuse of discretion or an erroneous application of the law. *In re Occidental Financial Group, Inc.,* 40 F.3d 1059, 1062 (9th Cir.1994); *In re Vasseli,* 5 F.3d 351, 352 (9th Cir.1993).

### A. Subordination of Debtors' Professionals' Fees

■ On appeal, Snipper asserts that the district court erred by ordering fees to the Examiner and Coopers to be paid "prior to any compensation of the Debtors professionals."[7] (ER at 132). Under the Bankruptcy

3. The Examiner's fee request includes $20,-197.00 for time spent preparing and defending the fee request. Due to the length and complexity of the compensation and reimbursement calculations, we omit a detailed discussion of the cost breakdown.

4. Prior to the entry of the fee order, the district court converted the bankruptcy to a Chapter 7 bankruptcy and, upon motion of the United States Trustee, ordered the appointment of a trustee.

5. Coopers requested $824,578.50 in fees and $18,005.71 in costs. The bankruptcy court limited the total award to $500,000. The district court determined that the bankruptcy court awarded 100% of the costs, thus awarding $481,-

994.29 in fees. This represents 58.4534% of the fee request.

6. The Examiner requested $401,650.00 in fees and $60,798.86 in costs. The bankruptcy court limited the total award to $150,000. The district court determined that the bankruptcy court awarded 100% of the costs, thus awarding $89,-201.14 in fees. This represents 22.208% of the fee request.

7. Coopers and the Examiner argue that Snipper failed to oppose the payment priority in the district court and should be estopped from raising the issue on appeal. Given the unusual circumstances of this case we do not think it unfair to the trial court to review the issue. First, subor-

Code, administrative expense creditors must be treated equally and the court should not set up its own order of priorities. See *In re Cochise College Park, Inc.,* 703 F.2d 1339, 1356 n. 22 (9th Cir.1983); *In re Barron,* 73 B.R. 812, 813–14 (Bankr.S.D.Cal.1987); *In re Nana Daly's Pub., Ltd.,* 67 B.R. 782, 787 (Bankr.E.D.N.Y.1986); *see also* 3 Collier on Bankruptcy ¶ 507.02[2], at 507–12 (15th ed. 1992). Although a bankruptcy court has the authority to subordinate a claim on equitable grounds, *see, Pepper v. Litton,* 308 U.S. 295, 304–05, 60 S.Ct. 238, 244–45, 84 L.Ed. 281 (1939); *Matter of Fabricators, Inc.,* 926 F.2d 1458, 1464 (5th Cir.1991); *In re Westgate–California Corp.,* 642 F.2d 1174, 1177 (9th Cir.1981), equitable subordination is an unusual remedy which should be applied only in limited circumstances. *Matter of Fabricators,* 926 F.2d at 1464; *In re Octagon Roofing,* 157 B.R. 852, 857 (N.D.Ill.1993).

■ Three findings are generally required before equitable subordination will be granted: (1) that the claimant engaged in some type of inequitable conduct, (2) that the misconduct injured creditors or conferred unfair advantage on the claimant, and (3) that subordination would not be inconsistent with the Bankruptcy Code. *In re Dominelli,* 820 F.2d 313, 318–19 (9th Cir.1987) (citing *Matter of Mobile Steel Co.,* 563 F.2d 692, 699–700 (5th Cir.1977)); *In re Wilnor Drilling, Inc.,* 29 B.R. 727, 730 (S.D.Ill.1982). In order to justify equitable subordination, the court is required to make specific findings and conclusions with respect to each of the requirements. *Matter of Fabricators,* 926 F.2d at 1465; *Wegner v. Grunewaldt,* 821 F.2d 1317, 1323 (8th Cir.1987).[8]

The district court's opinion contains no rationale for the decision and makes no findings of fact in support of the subordination. The Examiner and Coopers argue that debtors' counsel delayed and obstructed the examination and the efficient administration of the estate. Although Coopers and the Examiner assert that the record is replete with facts supporting the subordination, neither the district court nor the bankruptcy court made any specific findings on the issue. Accordingly, we conclude that the district court abused its discretion in granting an exceptional remedy like equitable subordination under these circumstances.

## B. Fee Awards

■ The district court determined that the evidence in the record did not support the three considerations the bankruptcy court cited in limiting its award to the Examiner. The first consideration of the bankruptcy court was the Examiner's failure to complete the examination, submitting only a preliminary report. The district court noted that the bankruptcy court had itself suspended the examination and discharged the Examiner. The district court determined that it was not reasonable for the bankruptcy court to terminate the examination and then cite the failure to complete it as a basis for limiting compensation.

The second consideration of the bankruptcy court was its determination that the Examiner "engaged in highly improper and illegal procedures in having the district attorney obtain evidence for him by executing a search warrant, ..." (ER at 3). The district court found no evidence in the record indicating that the Examiner asked the district attorney for help in securing documents or

dination was not raised or decided by the bankruptcy court. Subordination was raised in the Examiner's brief to the district court in only one sentence and supported by no argument or citation to authority. Finally, the district court's opinion deals with subordination in a single sentence at the close of the order. Given these unusual factual predicates and that the issue was actually decided by the district court, we decline to consider the issue waived. *See FDIC v. Woodside Const., Inc.,* 979 F.2d 172, 174 (9th Cir. 1992); *Harrell v. 20th Century Ins. Co.,* 934 F.2d 203, 205 n. 1 (9th Cir.1991); *see also Shannon v. Ford Motor Co.,* 72 F.3d 678, 684 (8th Cir.1996).

8. Subordination is further limited by the maxim, "equity will not enforce a penalty." *In re Westgate–California Corp.,* 642 F.2d 1174, 1178 (9th Cir.1981); *Matter of Poole, McGonigle & Dick, Inc.,* 796 F.2d 318, 322 *amended on reh'q on other grounds,* 804 F.2d 576 (9th Cir.1986). The Examiner and Coopers essentially argue that subordination is an appropriate punishment in light of the alleged misdeeds of debtors' counsel. For example, Coopers' brief compares the subordination to the imposition of sanctions under 28 U.S.C. § 1927.

otherwise discussed any aspect of the examination with the district attorney.

Finally, while the bankruptcy court concluded that the Examiner engaged in "unproductive activities," the district court determined that such an assessment was not established by the record. First, the district court ruled that the Examiner's activities fell within the areas of investigation outlined in the Examiner Order and within the Bankruptcy Code.[9] Second, the district court noted that the examination had made significant material findings and had discovered numerous hidden assets.

Nonetheless, the district court determined that the bankruptcy court's limitation of Coopers' award to approximately 60% (58.4534%) of the fees requested was not an abuse of discretion. Finding no basis for differentiating between the work of Coopers and the Examiner, the district court then raised the Examiner's award to that same percentage level.

After an independent review of the extensive record, this court agrees with the assessment of the district court. The bankruptcy court's justifications for restricting the Examiner's fees to a greater degree than Coopers are not adequately supported by the record. Accordingly, the bankruptcy court abused its discretion in awarding the Examiner a lesser percentage of its fee request than that awarded Coopers. The district court properly rectified the bankruptcy court's error by awarding both the Examiner and Coopers an equal percentage of their requested fee.

Furthermore, we, like the district court, conclude that the bankruptcy court did not abuse its discretion in limiting the overall fee award to slightly under 60% of that requested. The examination was in many regards a very expensive one. The record reveals that the bankruptcy court was frustrated with the conduct of the examination and felt that the examination did not focus sufficiently upon the reorganization of the estate. While we may have set the fees differently as an initial matter, we are not convinced that the limitation constitutes an abuse of discretion.[10]

## III. CONCLUSION

Accordingly, we affirm the district court's final fee award of $481,994.29 in fees and $18,005.71 in expenses to Coopers & Lybrand and $234,778.08 in fees and $60,798.86 in expenses to the Examiner, James J. Feder.[11] We reverse that portion of the order subordinating the fees of debtors' professionals. Each side will pay its own costs on appeal.

9. The Examiner Order directed the Examiner to:

> investigate, analyze and report to the Court on the following aspects . . . :
>    1. The cash flow of the Debtors, including reconciliation of Interim Statements and Operating Reports and other relevant financial reports;
>    2. The schedules of Assets and Liabilities, separated as to each estate, and the accuracy thereof;
>    3. The appropriateness of substantively consolidating the . . . cases;
>    4. The Debtors' real property leases;
>    5. The issues presented by environmental contamination of property of the estates, including the status of said properties and the status of [all] relevant insurance claims.

> [and] . . . that the Examiner shall have such powers as are customarily enjoyed by examiners appointed pursuant to the Bankruptcy Code.

(SER at 2–3).

10. Ordinarily, we might remand the fee issue to the bankruptcy court to revise the fee. However, counsel for all parties agreed that this court should enter a final resolution of the fee controversy.

11. As previously indicated in footnote 5, *supra*, the bankruptcy court awarded Coopers 58.4534% of its fee request. Granting the Examiner an equal percentage award, the Examiner is entitled to $234,778.08 ($401,650.00 × 0.584534).