108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re James E. WALDO, Debtor.
James E. WALDO, Appellant,
v.
STATE OF MONTANA, DEPARTMENT OF LABOR AND INDUSTRY UNINSURED
EMPLOYERS FUND, Appellee.
 No. 97-35428.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor James E. Waldo appeals the district court's affirmance of a decision by the bankruptcy court which held that a claim by the Montana State Uninsured Employers Fund ("UEF") had priority under 11 U.S.C. § 507(a)(8)(E) and was not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "We independently review the bankruptcy court's decision without deference to the district court's conclusions." Friedkin v. Sternberg (In re Sternberg), 85 F.3d 1400, 1404 (9th Cir.1995). Thus, we review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Feder v. Lazar (In re Lazar), 83 F.3d 306, 308 (9th Cir.1996).
 
 
 4
 Waldo argues that the bankruptcy court erred by concluding that the assessment by the UEF for uninsured employer's liability was a priority excise tax not dischargeable in bankruptcy because the assessment should be deemed a dischargeable fee.
 
 
 5
 We conclude that Waldo's argument is foreclosed by our recent opinion in Industrial Comm'n v. Camilli (In re Camilli), 94 F.3d 1330, 1334 (9th Cir.1996), petition for cert. filed, 65 U.S.L.W. 3433 (U.S. Dec. 4, 1996) (No. 96-913), in which we held that a debtor's obligation to a state uninsured employer's fund for worker's compensation benefits paid to the debtor's employee is a nondischargeable excise tax.
 
 
 6
 In the alternative, Waldo argues that even if the assessment is an excise tax, the taxable "transaction" did not occur during the three years immediately preceding the date he filed for bankruptcy, as required by the Bankruptcy Code. See 11 U.S.C. § 507(a)(8)(E)(ii). Waldo contends that the "transaction" occurs at the time the original "tax" arises, not when it is assessed. In this case, Waldo asserts, that date is the date he was required to provide insurance but failed to do so or, at the latest, the date the uninsured employee was killed.
 
 
 7
 We conclude that the taxable transaction occurred when the UEF agreed to pay worker's compensation benefits to the employee's widow. See In re Camilli, 94 F.3d at 1333 ("The source of [the employer's] obligation to repay the workers' compensation benefits in this case was not [his] failure to obtain insurance, but the statutorily-created obligation to reimburse the [Uninsured Employer's] Fund once the Fund paid benefits for an uninsured employee.") Thus, the transaction occurred within three years prior to Waldo's filing for bankruptcy. See 11 U.S.C. § 507(a)(8)(E)(ii).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3