**EQUALS INTERNATIONAL, LTD. Plaintiff–counter–defendant– Appellant,**

v.

**SCENIC AIRLINES, Defendant– counter–claimant–3rd–party plaintiff—Appellee,**

v.

**Jim Butler, Third-party defendant— Appellant.**

No. 01–16085.

D.C. No. CV–96–01188–KJD/PAL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2002.[*]

Decided May 16, 2002.

[*] Special session held at Stanford University Law School.

Before O'SCANNLAIN and TALLMAN, Circuit Judges, and KING,** District Judge.

### MEMORANDUM ***

Equals International, Ltd. and Jim Butler appeal the district court's dismissal of Equals's complaint, the award of attorney's fees and costs, and the exclusion of two witnesses during the trial of the counter- and third-party claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

I.

The district court dismissed the complaint on two independent grounds. Because we affirm based upon Fed.R.Civ.P. 37(b)(2)(C), we need not reach the propriety of dismissal based upon Fed.R.Civ.P. 17.

█ The imposition of discovery sanctions is reviewed for an abuse of discretion. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir.1997). Findings of fact underlying the motion for discovery sanctions are reviewed for clear error. *Id.* The district court's choice of sanctions is reviewed for an abuse of discretion. *Rio Properties,*

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Appellants's Motion for Reconsideration of their Motion to Substitute the Real Party in Interest is denied.

*Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1022 (9th Cir.2002).

"Rule 37 sanctions were intended to punish evasion of pretrial discovery." *Wanderer v. Johnston,* 910 F.2d 652, 655 (9th Cir.1990) (citation and internal editorial marks omitted). A district court is to apply the following factors in considering dismissal as a sanction:

"(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its dockets;

(3) the risk of prejudice to [the party seeking sanctions];

(4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions."

*Id.* at 656 (citations omitted) (alteration in original).

The district court on several occasions gave direct orders for Equals to produce specific information regarding its capacity to sue and be sued. Equals repeatedly failed (at least three times) to produce the information. Only upon a motion to dismiss by Scenic did Equals belatedly produce information to the court purportedly satisfying its obligations. The district court found, however, that the basic information regarding Equals's status was never produced. That finding was not clearly erroneous.

Applying *Wanderer,* four of the five factors weigh in Scenic's favor. The public's interest in expeditious litigation would not be served by condoning Equals's tactics in refusing to disclose corporate information. Similarly, the court's need to manage its dockets was impaired by a plaintiff refusing to follow court orders. Scenic would suffer prejudice by continuing to defend against a plaintiff which refused to participate in discovery regarding its corporate status. Finally, less drastic sanctions had been implemented without success. The district court did not abuse its discretion in dismissing the complaint under Rule 37(b)(2)(C).

## II.

An award of attorney's fees made pursuant to state law is reviewed for an abuse of discretion. *MRO Communications, Inc. v. Am. Tel. & Tel.,* 197 F.3d 1276, 1279 (9th Cir.1999). The interpretation of a state statute regarding attorney's fees is reviewed de novo. *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir.2000).

■ The district court awarded attorney's fees and costs to Scenic under Nev. Rev.Stat. 18.010(2)(b). State law, rather than federal law, properly applies. "Federal courts are required to apply state law in diversity actions with regard to the allowance or disallowance of attorney fees." *Michael–Regan Co. v. Lindell,* 527 F.2d 653, 656 (9th Cir.1975). Although Equals originally brought this case as a federal question copyright case, not as a diversity action, the same *Erie* doctrine principles apply. *See Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470, 1478 (9th Cir.1995); *see also Shannon–Vail Five Inc. v. Bunch,* 270 F.3d 1207, 1210 (9th Cir.2001). Thus, at least as to the state law claims, the state fee statute applies. *See MRO Communications,* 197 F.3d at 1281.

■ The district court correctly determined that Scenic was a prevailing defendant on Equals's original complaint. The court made such a finding based upon the evidence at trial on Scenic's counter-claim for breach of contract. The court was able to conclude that Equals's complaint could have had no merit given Scenic's success on the counter-claim. The court concluded

that the original complaint was brought "without reasonable ground" and "to harass the prevailing party [Scenic]." The fact that the complaint had also been dismissed because Equals refused to disclose corporate information also played a part in the district court's decision. The court also considered Equals's unreasonable refusal to accept Scenic's oral offer to settle (to drop the counter-claims and third-party claims in exchange for Equals's foregoing an appeal of the dismissal of Equals's complaint).

Equals contends that Scenic violated Fed.R.Civ.P. 54(d)(2)(B) because it did not file its motion for attorney's fees within 14 days after entry of judgment. This argument lacks merit. Equals points to the June 8, 1999, judgment (which resulted from the earlier dismissal of Equals's complaint) and argues that Scenic did not file within 14 days of that judgment nor specify that it was seeking fees under that judgment. It is undisputed, however, that the district court *vacated* the June 8, 1999, judgment to allow Scenic to prosecute its counter-claims and third-party claims. Scenic's motion for fees *was* timely filed within 14 days from the October 2, 2000, judgment.

Given the specific findings of the district court, the district court's award of fees under Nev.Rev.Stat. 18.010(2)(b) was not an abuse of discretion.

### III.

■ Finally, Equals challenges the district court's exclusion of proffered witnesses Rainwater and Dixon. Evidentiary rulings are reviewed for an abuse of discretion. *Tennison v. Circus Circus Enters., Inc.,* 244 F.3d 684, 688 (9th Cir.2001). To reverse on the basis of an erroneous evidentiary ruling, we must conclude not only that the district court abused its discretion, but also that the error was prejudicial. *Id.* Prejudice means that, "more probably than not, the [district] court's error tainted the verdict." *Id.*

■ The district court had proper grounds to exclude both witnesses. Equals had not properly subpoenaed Rainwater, a witness affiliated with Scenic. In any event, the court found that his testimony would be cumulative and allowed Equals to submit documentation as evidence to preclude undue prejudice. Similarly, Dixon had not been identified as a witness in any pretrial proceedings or statements. Excluding the witnesses was not an abuse of discretion.

AFFIRMED.