**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICHOLAS OLIVA and JOAN OLIVA, <br><br> Plaintiffs - Appellants - Cross-Appellees, <br><br> v. <br><br> NATIONAL CITY MORTGAGE COMPANY; et al., <br><br> Defendants - Appellees - Cross-Appellants. | No. 11-15527 <br> 11-15650 <br><br> D.C. No. 2:08-cv-01559-PMP-LRL <br><br> MEMORANDUM* |

Appeals from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted July 20, 2012
San Francisco, California

Before: TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

Nicholas and Joan Oliva ("plaintiffs") appeal from the district court's

dismissal order and summary judgment in their action arising out of a mortgage

contract. National City Mortgage Company, Michael Deming, and Vivian Furlow

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

("defendants") cross-appeal from the district court's orders sanctioning National City for discovery violations and denying defendants' motion seeking attorney's fees. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's summary judgment and dismissal order. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008) (dismissal order); *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007) (summary judgment). We review for an abuse of discretion the denial of leave to amend as well as orders concerning discovery sanctions and attorney's fees. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999) (attorney's fees); *Adriana Intl. Corp. v. Lewis & Co.*, 913 F.2d 1406, 1408 (9th Cir. 1990) (discovery sanctions); *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986) (leave to amend). We affirm.[1]

The district court properly concluded that plaintiffs failed to create a genuine dispute of material fact that they suffered damages. Indeed, because defendants sold plaintiffs a 3-year ARM (i.e., an interest rate fixed for the first three years of the loan and adjustable thereafter) instead of the 7-year ARM (i.e., an interest rate fixed for the first seven years of the loan and adjustable thereafter) they requested,

_____

[1] The parties are familiar with the facts, and we repeat them here only as necessary to explain our decision.

plaintiffs' interest rate and monthly payments decreased. Contrary to plaintiffs' contentions, they are not entitled to damages based on the depreciation of their house. *See, e.g., Collins v. Burns*, 741 P.2d 819, 822 (Nev. 1987) (party that was fraudulently induced into purchasing a store was not entitled to damages based on the store subsequently going out of business for reasons unrelated to the original inducement). Accordingly, summary judgment was properly granted on plaintiffs' fraud and negligence claims. *See J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004) (listing elements for a fraud claim); *Doud v. Las Vegas Hilton Corp.*, 864 P.2d 796, 798 (Nev. 1993) (listing elements for a negligence claim)*, superseded by statute on other grounds as recognized in Estate of Smith ex rel. Smith v. Majoney's Silver Nugget, Inc.*, 265 P.3d 688 (Nev. 2011). Moreover, because plaintiffs failed to show damages, their contract claims seeking damages necessarily fail. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) ("we may affirm based on any ground supported by the record").

The district court properly dismissed plaintiffs' claims under the Truth in Lending Act ("TILA") because the loan at issue was a "residential mortgage transaction" and therefore not subject to TILA rescission. 15 U.S.C. § 1635(e)(1)

(the right of rescission does not apply to a "residential mortgage transaction"); *id.* § 1602(x) (defining a "residential mortgage transaction").

The district court did not abuse its discretion by denying plaintiffs' motion to file a second amended complaint because the motion was both futile and untimely. *See Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) ("Leave to amend need not be granted, however, where the amendment would be futile."); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (denying motion to amend because, among other things, plaintiff's motion was untimely and failed to adequately explain the delay).

We construe the $10,000 sanction against National City as a discovery sanction.[2] As such, the district court did not abuse its discretion because National City failed to produce a document after being compelled to do so. *See* Fed. R. Civ. P. 37(b)(2)(C) (permitting reasonable expenses, including attorney's fees, caused by a failure to comply with a discovery order). The amount of the sanction was reasonably related to the additional expenses incurred by plaintiffs due to National

---

[2] We do so because we may affirm on any basis supported by the record. *See Johnson*, 534 F.3d at 1121. The district court characterized its sanction as "contempt," but contempt requires a finding of a violation by "clear and convincing evidence." *In re Dual Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). We avoid examining this more difficult question.

City's recalcitrance, as the district court could fairly determine based on its knowledge of the case and of customary fees and costs in the community.

The district court did not abuse its discretion by declining to award defendants attorney's fees. Defendants were not entitled to attorney's fees under Nev. Rev. Stat. §§ 7.085 and 18.010 because plaintiffs' alleged misconduct was procedural in nature and, thus, is governed by federal law. *See Galam v. Carmel (In re Larry's Apt., L.L.C.)*, 249 F.3d 832, 838 (9th Cir. 2001) ("federal courts must be in control of their own proceedings and of the parties before them, and it is almost apodictic that federal sanction law is the body of law to be considered in that regard"). Insofar as defendants sought attorney's fees under Fed. R. Civ. P. 11, they failed to comply with the safe harbor provision. *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) ("[A] party cannot wait until after summary judgment to move for sanctions under Rule 11."). Defendants were also not entitled to attorney's fees under Nev. R. Civ. P. 68 and Nev. Rev. Stat. § 17.115 because plaintiffs reasonably declined defendants' settlement offer. *See Uniroyal Goodrich Tire Co. v. Mercer*, 890 P.2d 785, 789 (Nev. 1995) (listing factors for awarding attorney's fees under Nev. R. Civ. P. 68 and Nev. Rev. Stat. § 17.115), *superseded by statute on other grounds as recognized in RTTC Commc'n, LLC v. The Saratoga Flier, Inc.*, 110 P.3d 24, 29 (Nev. 2005).

**AFFIRMED.**