
**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ANTONIA ANDRADE-GARCIA,<br>　　　　　Debtor. | BAP No.  NV-21-1115-GTF<br><br>Bk. No. 17-bk-15277-ABL |
| LVNV FUNDING, LLC,<br>　　　　　Appellant,<br>v.<br>ANTONIA ANDRADE-GARCIA,<br>　　　　　Appellee. | **OPINION** |

Appeal from the United States Bankruptcy Court
for the District of Nevada
August Burdette Landis, Chief Bankruptcy Judge, Presiding

APPEARANCES:

Danielle Spinelli of Wilmer Cutler Pickering Hale and Dorr LLP argued for appellant; Richard E. Hawkins of The Hawkins Law Firm argued for appellee.

Before: GAN, TAYLOR, and FARIS, Bankruptcy Judges

GAN, Bankruptcy Judge:

## INTRODUCTION

This appeal requires us to consider whether, pursuant to a Nevada statute, a bankruptcy court can award attorney's fees to a debtor who

prevails on objections to claims which, on their face, are barred by the statute of limitations. The pertinent statute, Nev. Rev. Stat. ("NRS") § 18.010(2)(b), allows a court to award attorney's fees to a prevailing party if it finds that the opposing party's claim "was brought or maintained without reasonable ground or to harass the prevailing party."

Creditor LVNV Funding, LLC ("LVNV") argues that the bankruptcy court erred by applying state law to punish or deter conduct in federal bankruptcy court and the Bankruptcy Code preempts any state law remedy for alleged misconduct in filing a claim. It also argues that punishing creditors for filing time-barred—but not extinguished—debts contradicts the Supreme Court's decision in *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407 (2017).

We share the bankruptcy court's concern that filing clearly unenforceable claims imposes burdens on debtors and the limited judicial resources of the court. But NRS § 18.010(2)(b) cannot be used to punish conduct in bankruptcy court, and Nevada law and *Midland Funding* establish that filing a stale claim is neither groundless nor per se harassing. Accordingly, we REVERSE. We publish to clarify that state laws which provide for attorney's fee awards are applicable in bankruptcy litigation only to the extent they are connected with the substance of the claims and not dependent on the misconduct or improper purpose of parties or attorneys.

**FACTS**

Debtor Antonia Andrade-Garcia ("Debtor") filed her chapter 7[1] petition in September 2017. A few weeks later, she voluntarily converted her case to one under chapter 13.

In February 2018, LVNV filed three proofs of claim. The documents attached to LVNV's proofs of claim evidenced that the accounts were charged off by 2004 and the latest transaction dates were in 2006.

The chapter 13 trustee did not object to LVNV's claims.[2] In January 2020, Debtor filed objections to each of LVNV's claims and argued that pursuant to the Nevada statute of limitations, NRS § 11.190, the time to commence an action on the claims expired over a decade before the petition date.[3] Debtor requested attorney's fees under NRS § 18.010(2)(b) and pursuant to the court's sanctioning authority under § 105(a).

LVNV filed responses to Debtor's claim objections and conceded that the claims were time-barred. It argued, however, that filing the claims was not wrongful conduct under the holding of *Midland Funding* and attorney's

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] Chapter 13 trustees must perform certain duties including the obligation to: "if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper[.]" § 704(a)(5); *see* § 1302(b). The record does not explain why the chapter 13 trustee did not object to these claims.

[3] LVNV did not attach written contracts to its claims, but Debtor argued that the claims were time-barred under either the four-year limitation of NRS § 11.190(2)(a) for actions on contracts not based in writing, or the six-year limitation of NRS § 11.190(1)(b) for written contracts.

fees should not be awarded under NRS § 18.010(2)(b) or the court's sanctioning authority.

After a hearing on the objections and the propriety of attorney's fees, the court entered a memorandum decision and order on March 31, 2020, sustaining Debtor's claim objections and awarding attorney's fees under NRS § 18.010(2)(b). The court disallowed LVNV's claims pursuant to § 502(b)(1) because the claims were filed several years after the expiration of applicable statutes of limitation set forth in NRS § 11.190 and were therefore unenforceable under state law.

Turning to the question of attorney's fees, the court determined that Debtor was the prevailing party and was entitled to fees, not as a sanction, but by operation of the fee-shifting provisions of NRS § 18.010(2)(b). The bankruptcy court held that because the validity of the claims was determined according to state law, it was appropriate to apply the state law provision for attorney's fees. The court distinguished *Midland Funding* because Debtor did not rely upon or invoke the Fair Debt Collection Practices Act ("FDCPA") and her request for fees arose from the disallowance of the claims under § 502(b)(1).

The bankruptcy court concluded that filing claims which are patently barred under the statute of limitations is a sufficient basis to award fees under NRS § 18.010(2)(b), and it reasoned that the statute expressly states that it is the intent of the Nevada Legislature that courts award attorney's fees in all appropriate situations to punish for and deter frivolous or

4

vexatious claims that overburden limited judicial resources and increase costs. The bankruptcy court directed Debtor to file a declaration demonstrating the amount of fees incurred, and after reviewing the declaration, the court entered a supplemental order awarding fees and expenses in the total amount of $3,732. LVNV timely appealed.[4]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err by awarding Debtor attorney's fees under NRS § 18.010(2)(b)?

## STANDARD OF REVIEW

We review the bankruptcy court's award of attorney's fees for abuse of discretion. *Galam v. Carmel (In re Larry's Apartment, L.L.C.)*, 249 F.3d 832, 836 (9th Cir. 2001). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

---

[4] Debtor suggests that LVNV's notice of appeal was untimely because it was filed forty-seven days after the court's order disallowing the claims and awarding fees. But an order "finding appellant liable for attorney's fees and costs but without determining the specific amount of that award is not a final and appealable order." *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*, 873 F.2d 1327, 1329 (9th Cir. 1989) (quoting *Gates v. Cent. States Teamsters Pension Fund*, 788 F.2d 1341, 1343 (8th Cir. 1986)). The bankruptcy court finally disposed of the attorney's fees issue in its supplemental order,

**DISCUSSION**

On appeal, LVNV does not contest the disallowance of its claims; it challenges only the award of attorney's fees. It argues that the bankruptcy court erred by applying NRS § 18.010(2)(b) because that statute is aimed at governing litigation misconduct and, consequently, is not applicable in federal bankruptcy court. It also contends that filing a time-barred claim is not wrongful under the holding of *Midland Funding*, and even if the statute were applicable, any state law remedy for a creditor's alleged misconduct in filing a time-barred claim is preempted by the Bankruptcy Code.[5] We agree.

**A.  NRS § 18.010(2)(b) Cannot Be Applied To Award Attorney's Fees Based On Conduct In Bankruptcy Court.**

There is no general right to attorney's fees for actions in bankruptcy cases. *In re Larry's Apartment, L.L.C.*, 249 F.3d at 836. But "a prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." *Ford v. Baroff (In re Baroff)*, 105 F.3d 439,

---

and LVNV's notice of appeal was within fourteen days of the entry of that order.

[5] Debtor argues that LVNV failed to raise the argument that federal law, and not state law, governs purported misconduct in bankruptcy cases and therefore waived the issue. LVNV did argue, albeit for different reasons, that federal law governs, but more importantly, the bankruptcy court decided the issue. *See FDIC v. Woodside Constr. Inc.*, 979 F.2d 172, 174 (9th Cir. 1992). And, because the correct application of law is a legal issue, we will consider LVNV's argument regardless of whether it was raised in the bankruptcy court. *See Bank of N.Y. Mellon v. Lane (In re Lane)*, 589 B.R. 399, 407 (9th Cir. BAP 2018).

441 (9th Cir. 1997); *see also Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 741 (9th Cir. 1985); *Christison v. Norm Ross Co. (In re Eastview Ests. II)*, 713 F.2d 443, 451-52 (9th Cir. 1983).

In *Larry's Apartment*,[6] the Ninth Circuit analogized bankruptcy courts to federal courts sitting in diversity, under which the doctrine established in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) requires the court to "apply state substantive law and federal procedural law." 249 F.3d at 837 (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). It held that state law applies when an allowance of attorney's fees is connected to the substance of the case. *Id.* at 838. However, "when fees are based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of substantive law, the matter is procedural." *Id.* Because the bankruptcy court must be in control of the parties and proceedings before it, "it is almost apodictic that federal sanction law is the body of law to be considered in that regard." *Id.*

Here, the bankruptcy court disallowed LVNV's claims under § 502(b)(1) because they were not enforceable under Nevada law. Thus, we look to Nevada law to determine whether an award of attorney's fees is

---

[6] *Larry's Apartment* involved application of an Arizona statute, Ariz. Rev. Stat. § 12-349, which authorized an award of attorney's fees if the attorney or party, among other things, "[b]rings or defends a claim without substantial justification," or "[b]rings or defends a claim solely or primarily for delay or harassment." The Ninth Circuit held the statute is procedural and not applicable in bankruptcy court. 249 F.3d at 837-39.

authorized as a matter of substantive law or if the provision in question is procedural in nature.

Under Nevada law, attorney's fees are not recoverable "unless authorized by statute, rule, or agreement between the parties." *First Interstate Bank of Nev. v. Green*, 694 P.2d 496, 498 (Nev. 1985). Nevada allows parties to provide for payment of attorney's fees by contract.[7] *Davis v. Beling*, 278 P.3d 501, 515 (Nev. 2012). It also permits a court to award attorney's fees to the prevailing party under two conditions:

> (a)    When the prevailing party has not recovered more than $20,000; or
>
> (b)    Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party. The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations. It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims

---

[7] Pursuant to NRS 18.010(4), subsection 2 does not apply "to any action arising out of a written instrument or agreement which entitles the prevailing party to an award of reasonable attorney's fees." LVNV did not attach written contracts to its proofs of claim and there is no indication that Debtor requested contracts pursuant to Rule 3001(c)(3)(B). Consequently, we make no determination about the propriety of an attorney's fee award based on an entitlement under the contracts.

and increase the costs of engaging in business and providing professional services to the public.

NRS § 18.010(2)(a)-(b).

Subsection (2)(a) is a typical fee-shifting statute which provides a substantive right to all prevailing parties who recover $20,000 or less on their claims. It depends only on who prevails and the amount of the recovery. Although Debtor recovered less than $20,000, the Nevada Supreme Court has held that a money judgment is a prerequisite to an award of attorney's fees under NRS § 18.010(2)(a). *Smith v. Crown Fin. Servs. of Am.*, 890 P.2d 769, 775 (Nev. 1995). Thus, an award of fees under subsection (2)(a) was not available.

The bankruptcy court relied instead on NRS § 18.010(2)(b), which it characterized as a fee-shifting provision, not a sanction. But unlike subsection (a), the factual predicate for a fee award under NRS § 18.010(2)(b) is the opposing party's actions in filing or maintaining a groundless or harassing claim or defense. It is not available to all prevailing parties as a matter of substantive law; it is based on conduct in the litigation itself. The purpose of the statute is to regulate misconduct and procedure, and the express legislative intent behind subsection (b) is "to punish for and deter frivolous or vexatious claims and defenses."

Debtor contends that NRS § 18.010 traces its history to a pure fee-shifting statute which allowed attorney's fees to prevailing parties if the recovery or amounts sought were below specified thresholds. She argues

that by authorizing fees against a party who brings or maintains groundless or harassing claims, the Nevada Legislature merely widened the availability of fee-shifting conditions. Debtor maintains that the history and nature of the statute remains substantive, not procedural, although it is now intended to work in concert with Nev. R. Civ. P. 11 to make aggrieved parties whole and to punish litigation misconduct.

It is not sufficient that NRS § 18.010(2)(b) permits fee awards to prevailing parties or that such awards can make aggrieved parties whole. We expect that a party faced with groundless or harassing claims or defenses will be the prevailing party. And fee awards made under sanctioning statutes invariably operate to make aggrieved parties whole. The controlling issue is whether the award of attorney's fees emanates from the substantive claim or from a party's or attorney's conduct in the litigation.

Debtor concedes that statutes pertaining to litigation misconduct are procedural but argues that NRS § 18.010(2)(b) was implicated at the time the claims were filed and did not depend on any subsequent conduct in the case.

Filing a proof of claim is "conduct" in the bankruptcy court. We have previously held that the Bankruptcy Code preempts substantive state law remedies stemming from alleged misconduct in filing bankruptcy claims. *See B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225, 233 (9th Cir. BAP 2008) (holding that debtor's action under the Washington State Consumer

10

Protection Act based on creditor filing time-barred claim was preempted); *see also MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910 (9th Cir. 1996) (holding that the Bankruptcy Code preempted state-law malicious prosecution claim based on filing claims in bankruptcy). In both *Chaussee* and *MSR Exploration*, the alleged misconduct giving rise to the purported claims was the filing of bankruptcy claims. The state law actions were preempted because the "conduct occurred in a bankruptcy case" and "Congress wished to leave the regulation of the parties before the bankruptcy court in the hands of the federal courts alone." *In re Chaussee*, 399 B.R. at 233-34 (quoting *MSR Exploration, Ltd.*, 74 F.3d at 915).

NRS § 18.010(2)(b) allows attorney's fees based not merely on who wins, but on the specific litigation conduct of the opposing party. And because the conduct which NRS § 18.010(2)(b) seeks to deter occurred in the bankruptcy court, federal law—not state law—governs.[8] Furthermore,

---

[8] Our view is consistent with recent federal court decisions which have refused to award fees under NRS § 18.010(2)(b) based on a party's conduct in federal court. *See, e.g., Heyman v Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, No. 2:15-cv-01228-APG-EJY, 2020 WL 428013, at *4 (D. Nev. Jan. 27, 2020) ("Nevada law does not apply to a request for attorney's fees in federal court based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of state substantive law.") (cleaned up); *Whitt v. Richland Holdings, Inc.*, No. 2:17-cv-00014-APG-NJK, 2019 WL 8013750, at *1 (D. Nev. Mar. 7, 2019) (same); *Taylor v. Beckett*, No. 2:13-cv-02199-APG-VCF, 2017 WL 3367091, at *3 (D. Nev. Aug. 4, 2017) (same); *Oliva v. Nat'l City Mortg. Co.*, 490 F. App'x 904, 906 (9th Cir. Aug. 3, 2012) ("Defendants were not entitled to attorney's fees under Nev. Rev. Stat. §§ 7.085 and 18.010 because plaintiffs' alleged misconduct was procedural in nature and, thus, is governed by federal law."). We are aware that some federal courts have applied NRS § 18.010(2)(b) as substantive law, including one unpublished Ninth Circuit case, *Equals Int'l., Ltd. v. Scenic Airlines*, 35 F. App'x 532, 535

the statute is not applicable here because although the claims were time-barred, they were not groundless.[9]

## B. LVNV's Claims Are Not Groundless Within The Meaning Of NRS § 18.010(2)(b).

A court has discretion to award attorney's fees under NRS § 18.010(2)(b), but "there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party." *Semenza v Caughlin Crafted Homes*, 901 P.2d 684, 687 (Nev. 1995) (quoting *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 464 (Nev. 1993)). "For purposes of NRS 18.01(2)(b), a claim is frivolous or groundless if there is no credible evidence to support it." *Capanna v. Orth*, 432 P.3d 726, 734 (Nev. 2018) (citation omitted).

LVNV filed its proofs of claim and included supporting documentation establishing its right to payment. Debtor did not argue that LVNV lacked credible evidence to support its claims. She argued that the claims were unenforceable under Nevada law because the statute of limitations had expired. As the Supreme Court noted in *Midland Funding*,

---

(9th Cir. May 16, 2002). *See, e.g.*, *Bateman v. Hawker Energy, Inc.*, No. 2:20-cv-02049-APG-NJK, 2021 WL 5065838, at *1 (D. Nev. Oct. 29, 2021); *Greenwood v. Ocwen Loan Servicing LLC*, No. 3:16-cv-00527-RCJ-VPC, 2018 WL 3550217, at *3 (D. Nev. July 24, 2018); *Shaw v. CitiMortgage, Inc.*, No. 3:13-cv-0445-LRH-VPC, 2015 WL 2194210, at *2 (D. Nev. May 11, 2015); *Daou v. Abelson*, No. 2:11-cv-01385-RFB-GWF, 2014 WL 5438499, at *3-4 (D. Nev. Oct. 22, 2014). However, these cases have not expressly addressed the question of whether NRS § 18.010(2)(b) is applicable based on conduct in federal court.

[9] Debtor did not argue that the claims were filed to harass, and she acknowledges on appeal that the only relevant provision of NRS § 18.010(2)(b) concerns whether

the definition of "claim" under § 101(5)(A) is a "right to payment," which is broad enough to include unenforceable claims. 137 S. Ct. at 1411-12. The Bankruptcy Code "make[s] clear that the running of a limitations period constitutes an affirmative defense, a defense that the debtor is to assert after a creditor makes a 'claim.'" *Id.* (citing 11 U.S.C. §§ 502, 558).

Under Nevada law, expiration of a statute of limitations affects a creditor's remedy, but it "does not destroy the substantive cause of action." *Bank of Nev. v. Friedman*, 420 P.2d 1, 4 (Nev. 1966). The statute of limitations is a waivable, non-jurisdictional, affirmative defense, for which the asserting party bears the burden of proof. *See Dozier v. State*, 178 P.3d 149, 152 (Nev. 2008); *Nev. Ass'n Servs., Inc. v. Eighth Jud. Dist. Ct.*, 338 P.3d 1250, 1254 (Nev. 2014).

The fact that Debtor succeeded on her affirmative defense is insufficient to render the claims "groundless." *See Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 726 (Nev. 2009), *modified on other grounds by Garcia v. Prudential Ins. Co. of Am.*, 293 P.3d 869 (Nev. 2013). LVNV had a right to payment under Nevada law, and disallowance of its claims depended on Debtor successfully prevailing on her affirmative defense, not on an absence of evidence to support the claims.

We agree with the bankruptcy court that filing patently time-barred claims imposes burdens on chapter 13 trustees, debtors, and the judicial system. These claims will be disallowed in virtually every case where an

LVNV's claims were groundless.

interested party objects, but they require that interested party to expend resources to file an objection. But, as we stated in *Chaussee*, "[w]hile we understand a debtor's procedural predicament, any solution must come via an amendment to the Code and Rules . . . ." 399 B.R. at 240 n.16.

Bankruptcy courts may have discretion under certain state statutes to award attorney's fees for disallowed time-barred claims, and fees may be awarded under Nevada law if provided for in a contract, but NRS § 18.010(2)(b) does not provide the authority.

## CONCLUSION

Based on the foregoing, we REVERSE the bankruptcy court's order awarding Debtor attorney's fees and costs under NRS § 18.010(2)(b).

14